## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 98-CA-00603-SCT

*RAYMOND DUNCAN, A MINOR, BY ESTER DUNCAN, ADULT MOTHER AND NEXT FRIEND*

*v.*

*MRS. LYNN CHAMBLEE AND LEAKE COUNTY SCHOOL DISTRICT*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/31/1998 |
| TRIAL JUDGE: | HON. V. R. COTTEN |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS L. BOOKER, JR. |
| | LAUREL G. WEIR |
| ATTORNEY FOR APPELLEE: | DEXTER C. NETTLES, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 06/03/1999 |
| MOTION FOR REHEARING FILED: Denied 08/12/1999 | 6/17/99 |
| MANDATE ISSUED: 08/19/1999 | |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. This case came to this Court as an appeal of Raymond Duncan, a minor, by his mother Ester Duncan from an adverse ruling of the Circuit Court of Leake County. The court dismissed the Leake County School District and its teacher, Ms. Lynn Chamblee, under Miss.R.Civ.P. 12(b)(6).

¶2. On January 20, 1999, this Court granted Duncan's Motion to Voluntarily Dismiss Leake County School District With Prejudice under Mississippi Rule of Appellate Procedure (M.R.A.P.) 42(b). Thus, we must only decide whether the dismissal as to Chamblee by the trial court was proper.

¶3. We hold that Duncan failed to state a claim upon which relief can be granted because she alleged that Chamblee was acting within the course and scope of her employment. Thus, Miss. Code Ann. § 11-46-7(2) (Supp. 1998) mandates that Chamblee cannot be held personally liable. The circuit court is affirmed, albeit for reasons other than those relied upon by the circuit judge.

## FACTS

¶4. On April 5, 1996, Raymond Duncan, a minor, by next friend, Ester Duncan, his mother, filed a Complaint against Ms. Lynn Chamblee, a teacher and employee of the Leake County School District, and against the Leake County School District (hereinafter as the "School"). Duncan alleges that on February 27 and 28, 1996, he was physically injured when Chamblee administered excessive corporal punishment to him while in the course and scope of her employment and in the furtherance of the business of Leake County School District. On May 3, 1996, the Defendants, Chamblee and Leake County School District, filed their Answer, in which one of the affirmative defenses raised was Duncan's failure to provide the ninety (90) day notice of claim as required by Miss. Code Ann. § 11-46-11 (1) (Supp. 1998).

¶5. Thereafter, discovery was had over the next year by both parties in the form of interrogatories, requests for admissions and documents, etc. During discovery, Duncan received a copy of the School's Policy Manual, which outlines the official school policy on corporal punishment, as well as his disciplinary records. Duncan also learned that the School had a liability insurance policy for $1 million. The Defendants received Duncan's hospital records during discovery.

¶6. The Defendants filed Motions for Continuances on three separate occasions which were granted in order to complete discovery. Finally, on April 9, 1997, the Defendants first filed a Motion to Dismiss on sovereign immunity grounds. Due to scheduling conflicts and other matters, the Defendants refiled the Motion to Dismiss on February 27, 1998, again raising sovereign immunity as an absolute defense for Duncan's failure to comply with the notice of claim provisions of Miss. Code Ann. § 11-46-11 (1) and (2).

¶7. A hearing was held on March 9, 1998, and the trial judge heard arguments on the Motion to Dismiss. On March 25, 1998, the trial judge entered an Order Sustaining the Motion to Dismiss, and Final Judgment was entered on April 1, 1998.

¶8. Aggrieved, Duncan appealed this matter to this Court on April 15, 1998, and raised the following issues:

> **I. THE LOWER COURT ERRED IN DISMISSING THE CAUSE AS TO DEFENDANT CHAMBLEE.**
>
> **II. THE LOWER COURT ERRED IN DISMISSING THE CAUSE AS TO DEFENDANT LEAKE COUNTY SCHOOL DISTRICT.**
>
> **III. THE DECISION OF THE LOWER COURT IS CONTRARY TO THE OVERWHELMING WEIGHT OF THE LAW AND NOT SUPPORTED BY ANY LAW OR EVIDENCE.**

¶9. However, under M.R.A.P. 42(b), this Court granted Duncan's Motion to Voluntarily Dismiss Leake County School District on January 20, 1999, with prejudice. Therefore, Issue II as raised by the Appellant Duncan is moot and will not be addressed.

## STANDARD OF REVIEW

¶10. A motion to dismiss under Miss.R.Civ.P. 12(b)(6) raises an issue of law. *Tucker v. Hinds County*, 558 So.2d 869, 872 (Miss. 1990); *Lester Eng'g Co. v. Richland Water & Sewer Dist.*, 504 So.2d

1185, 1187 (Miss. 1987). This Court conducts *de novo* review on questions of law. ***Mississippi Transp. Comm'n v. Fires***, 693 So.2d 917, 920 (Miss. 1997); ***UHS-Quali-Care, Inc. v. Gulf Coast Community Hosp., Inc.***, 525 So.2d 746, 754 (Miss. 1987).

¶11. When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. ***Butler v. Board of Supervisors for Hinds County***, 659 So.2d 578, 581 (Miss. 1995); ***Overstreet v. Merlos***, 570 So.2d 1196, 1197 (Miss. 1990).

## DISCUSSION OF LAW

### I. WHETHER THE LOWER COURT ERRED IN DISMISSING THE CAUSE AS TO DEFENDANT CHAMBLEE.

and

### III. WHETHER THE DECISION OF THE LOWER COURT IS CONTRARY TO THE OVERWHELMING WEIGHT OF THE LAW AND NOT SUPPORTED BY ANY LAW OR EVIDENCE.

¶12. Not at issue here are the notice of claim provisions, Section 11-46-11(1) and (2), because Duncan chose to voluntarily dismiss the sovereign School with prejudice.[1] Therefore, the issue of whether Duncan substantially complied with the pre-suit notice of claim requirements of the act is no longer before the Court.

¶13. Because Chamblee is now the only remaining defendant/Appellee before the Court, we must determine whether Duncan has stated a claim upon which relief may be granted. In other words, we must decide whether Chamblee was acting within the course and scope of her employment at the time of the alleged tort(s). If so, Chamblee is protected by the MTCA just as the governmental entity (see discussion below). If not, Chamblee can be sued in an individual capacity.

¶14. Duncan argues that the trial court improperly dismissed Chamblee pursuant to the notice of claim provisions of Miss. Code Ann. § 11-46-11, because assault and battery are intentional torts for which no defendant can claim immunity. Duncan's complaint however only alleged gross negligence. For this proposition, Duncan cites ***Webb v. Jackson***, 583 So.2d 946 (Miss. 1991). There, this Court stated:

As stated in ***McFadden v. State***, 542 So.2d 871 (Miss.1989), as follows:

When an individual who is a state government official is named as a defendant in a civil action, our law thus directs that he or she enjoy

no immunity to a civil action for damages if his breach of a legal duty causes injury and (1) that duty is ministerial in nature, or (2) that duty involves the use of discretion and the governmental actor greatly or substantially exceeds his authority and in the course thereof causes harm, or (3) **the governmental actor commits an intentional tort.** Beyond that, a government official has no immunity when sued upon a tort that has nothing to do with his official position or decision-making function and has been committed outside the course and scope of his office.

***McFadden***, 542 So.2d at 877 (*quoting **Grantham v. Mississippi Department of Corrections**,*

522 So.2d 219, 225 (Miss. 1988).

583 So.2d at 949-50 (emphasis added).

¶15. Despite being correct statements of law at the time, these cases are pre-tort claims act and are thus not controlling. The Mississippi Tort Claims Act ("MTCA") provides the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a tort suit.[2] Miss. Code Ann. § 11-46-7(1) (Supp. 1998); **L.W. v. McComb Separate Mun. Sch. Dist.**, No. 97-CA-01465-SCT, 1999 WL 682076, at *2 (Miss. Sept. 2, 1999); **Moore v. Carroll County, Mississippi**, 960 F.Supp. 1084, 1088 (N.D.Miss. 1997)("The remedy provided pursuant to the MTCA is exclusive of any other state law remedy sought against a governmental entity or its employee."). Any tort claim filed against a governmental entity or its employee shall be brought only under the MTCA. In fact, Miss. Code Ann. § 11-46-7(2) states:

> (2) An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but **no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties**. For the purposes of this chapter an employee shall **not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.**

Miss. Code Ann. § 11-46-7(2) (Supp. 1998) (emphasis added).

¶16. The MTCA waives sovereign immunity from claims for money damages arising out of the torts of governmental entities and their employees from and after October 1, 1993, for political subdivisions. Miss. Code Ann. § 11-46-5(1) (Supp. 1998); **Chamberlin v. City of Hernando**, 716 So.2d 596, 600 (¶10) (Miss. 1998). The MTCA defines a "school district" as a "political subdivision" and a "governmental entity." Miss. Code Ann. § 11-46-1(g), (i) (Supp. 1998); *see also* **Gressett v. Newton Separate Mun. Sch. Dist.**, 697 So.2d 444, 446 (¶4) (Miss. 1997). However, certain circumstances are exempted from this waiver of immunity. Miss. Code Ann. § 11-46-9 (Supp. 1998).

¶17. Here, the trial judge cited **Lumpkin v. City of Jackson**, 697 So.2d 1179 (Miss. 1997) (holding 11-46-11 is to be strictly complied with), *overruled*, **Carr v. Town of Shubuta**, No. 96-CT-01266-SCT, 1999 WL 62772, at *2 (Miss. Feb. 11, 1999), and Duncan's failure to strictly comply with Section 11-46-11's notice of claim requirements as the reason for the dismissal as to both Defendants. Importantly, the trial judge correctly noted that the complaint had no allegation of assault and battery, but only for gross negligence.

¶18. More importantly, Duncan's complaint alleges that "Mrs. Lynn Chamblee was the employee of Leake County School District acting in the scope of her authority and in furtherance of the business of Leake County School District." Thus, by Duncan's own allegations, Chamblee was acting within the course and scope of her employment with the School when the alleged torts occurred. Such is fatal to Duncan's argument here because Miss. Code Ann. § 11-46-7(2) states:

> (2) An employee may be joined in an action against a governmental entity in a representative capacity

> if the act or omission complained of is one for which the governmental entity may be liable, but **no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties . . . .**

Miss. Code Ann. § 11-46-7(2) (Supp. 1998) (emphasis added).<sup>(3)</sup> Further, Duncan's complaint does not allege that Chamblee's conduct constituted "fraud, malice, libel, slander, defamation, or any other criminal offense" within the meaning of § 11-46-7(2). ***Cf. McGehee v. DePoyster***, 708 So.2d 77, 80-81 (Miss. 1998)(school principal's complaint against school superintendent individually for defamation not subject to MTCA because of § 11-46-7(2) qualifying language). Therefore, Duncan has failed to state a claim against Chamblee upon which relief may be granted, and the Circuit Court of Leake County properly dismissed her complaint, albeit for different reasons.

¶19. The dissent argues that this case is strictly a notice pleading case and that, as such, this Court should allow Duncan 30 days to amend her complaint because the trial court dismissed on jurisdictional grounds and not on pleading grounds. Dissent at 1-2. The dissent also asks, "How should Duncan have known to amend his [sic] complaint when the issue in the failure to state a claim dismissal action was notice rather than whether the phrase 'assault and battery' was used?" ***Id.*** at 4.

¶20. The problem, however, with the dissent's argument is that it is at odds with our cases applying Rule 15(a). In ***Sligh v. First Nat'l. Bank***, 704 So.2d 1020, 1024 (Miss. 1997), this Court held, as follows:

> Under Rule 15(a), the court's dismissal of their complaint for failure to state a claim for which relief can be granted afforded the Slighs an automatic right to amend within thirty days. Had they done so, their amended complaint would have been accepted. However, because they failed to exercise that right by filing an amended complaint, we find this assignment of error to be without merit.

***Id.*** Thus, because Duncan failed to file an amended complaint within the 30 days, she has failed to exercise that right under the rule.

¶21. Furthermore, "[u]nder Rule 15 it is wholly irrelevant that a proposed amendment changes the cause of action or the theory of the case, or that it states a claim arising out of a transaction different from that originally sued on or that it caused a change in parties." Miss.R.Civ.P. 15 cmt. (1998); *See **International Ladies Garment Workers Union v. Donnelly Garment Co.***, 121 F.2d 561, 563 (8th Cir.1941); *contra*, ***Bank of Forest v. Capital Nat'l. Bank***, 176 Miss. 163, 169 So. 193 (1936) (*citing* V. Griffith, Mississippi Chancery Practice § 389 (2d ed.1950)). Therefore, regardless of the trial court's grounds for determining that Duncan failed to state a claim, Rule 15 allowed Duncan an automatic right to amend her complaint within 30 days of the dismissal to change the parties and or theories of her case. For example, upon dismissal under Rule 12(b)(6), Duncan could have dropped the School District and gone after Chamblee on an assault and battery theory (alleging that the teacher acted outside the course and scope of her employment) within the automatic 30 days given by Rule 15.

¶22. Instead, unfortunately for her, she did not amend because, apparently, litigation strategy dictated otherwise. Duncan cannot argue as the dissent suggests, "How could Duncan have known to amend . . .," because the trial judge told her that the complaint did not contain an allegation of assault and battery. Had she filed an amended complaint it would have been considered. Instead, Duncan, while on appeal before this Court, voluntarily dismissed with prejudice the School District from her complaint leaving Chamblee as the lone defendant, which necessitates this Court addressing the issue as we have in this opinion. Other than

some apparent appellate strategy, this Court has no idea why Duncan chose to dismiss the School District leaving Chamblee as the sole defendant. Hence, to grant Duncan 30 days to amend at this point (as the dissent suggests) would be giving her another opportunity to now do what she wholly failed to utilize initially under Rule 15.

## CONCLUSION

¶23. Duncan had failed to state a claim upon which relief can be granted because she alleges that Chamblee was acting within the course and scope of her employment. This is fatal to Duncan's claim because Chamblee cannot then be individually liable. Chamblee would then fall within the protection of the MTCA along with her employer/sovereign who was voluntarily dismissed with prejudice by Duncan. Therefore, the judgment of the Circuit Court of Leake County is affirmed.

¶24. **JUDGMENT AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., MILLS AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND BANKS, J. WALLER, J., NOT PARTICIPATING.**

### McRAE, JUSTICE, DISSENTING:

¶25. This case should be reversed and remanded. The trial court only reviewed whether it had jurisdiction. Under our previous ruling of *City of Jackson v. Lumpkin*, 697 So. 2d 1179 (Miss. 1997), the trial court found it lacked jurisdiction and dismissed the case under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. The trial court did not key upon the complaint for any language or make a ruling on the notice pleadings for assault and battery. Therefore, there was no reason or opportunity for the appellant to amend the complaint and insert the magic words of "assault and battery." Yet, for the first time, the majority does key upon the complaint and finds other reasons to dismiss the case. By applying the trial court's civil procedure rules itself, the majority precludes the appellant from the opportunity due it to amend under those rules were the trial court, rather than the Supreme Court, to apply them. The majority attempts, for the first time, to key upon the language of Duncan's complaint. Such complaint alleges that Chamblee, while in the course and scope of her employment with the Leake County School District, paddled Duncan in a manner which bespeaks of gross negligence, gross carelessness, and willful misconduct. The majority feels the complaint fails to state a claim upon which relief can be granted under Miss. R. Civ. P. 12(b)(6). The issue below was notice under the tort claims act. Further, the facts pled clearly exhibit excessive corporal punishment by paddling, which is equivalent to gross negligence and the talismanic phrase "assault and battery," thereby removing the case from the realm of the tort claims act. *See* Miss. Code Ann. § 11-46-9(1)(b) (Supp. 1998) (governmental employees acting within the course and scope of employment are not liable for any claim arising out of any act of an employee of a governmental entity exercising ordinary care; here, Chamblee apparently used gross negligence rather than ordinary care). The school district was dismissed by the parties once it reached this Court. Chamblee is still a defendant in the case. The case

should be reversed and remanded so as to allow Duncan the 30 days he is due to amend his complaint on the issue of corporal punishment.

¶26. The sole issue before the trial judge was the notice issue under the Mississippi Tort Claims Act. *See* Miss. Code Ann. § 11-46-11 (Supp. 1998). The trial judge dismissed the case based on our case law at the time, i.e., *Lumpkin* and *Carpenter v. Dawson*, 701 So. 2d 806 (Miss. 1997). The case was dismissed for lack of jurisdiction. The majority's belief that the Rule 12(b)(6) dismissal regards a failure to plead assault and battery is simply wrong. Such was not the issue considered by the trial court. The majority creates a reason to dismiss that is not before the Court.

¶27. Further, Mississippi Rule of Civil Procedure 8 states, in pertinent part:

>    **(a) Claims for Relief.** A pleading which sets forth a claim for relief, . . . shall contain
>
>    (1) a short and plain statement of the claim showing that the pleader is entitled to relief, . . .
>
>    . . . .
>
>    **(e) Pleading to Be Concise and Direct: Consistency.**
>
>    (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

*See id.* The comment to Rule 8 mentions that "[t]he rule allows the claims to be stated in general terms so that the rights of the client are not lost by poor drafting skills of counsel." *See* Miss. R. Civ. P. 8 cmt. "'[T]o grant this motion [Rule 12(b)(6)] there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim.'" *Weeks v. Thomas*, 662 So. 2d 581, 585 (Miss. 1995) (*quoting Busching v. Griffin*, 465 So. 2d 1037, 1039 (Miss. 1985)). How the majority can hold that Duncan is entitled to no relief under any such facts in this case astounds me.

¶28. This case deals with the notice pleadings element that "a short and plain statement of the claim" be made. Further, as the aforementioned law invites, notice pleadings allow development of issues in discovery. Such occurred here. Duncan pled that Chamblee "violently paddled [him] on both days [February 27 and 28, 1996] causing severe and permanent injury to [him]." He further developed his argument in discovery by using the phrase "assault and battery" in his request for admissions as well as in a set of interrogatories and by considering the Discipline Policy found in the Leake County Schools Student Handbook. What more does the majority want stated in notice pleadings-the phrase "assault and battery" in the complaint?

¶29. Of pertinence in notice pleadings situations such as the one at bar, Mississippi Rule of Civil Procedure 15 provides in pertinent part:

>    (a) Amendments. . . . On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), thirty days leave to amend shall be granted, provided matters outside the pleadings are not presented at the hearing on the motion. Otherwise a party may amend his pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires. . . .

*See id.* The case of *Sligh v. First Nat'l. Bank*, 704 So. 2d 1020, 1022-1024 (Miss. 1997), involved a

Rule 12(b)(6) dismissal on the merits of a garnishment and subsequent request for Rule 15(a) relief. This Court held that there was an automatic right to seek the due 30 days to amend the complaint. *See id.* at 1024. The Court held that no petition was necessary. *See id.* The instant case differs from *Sligh*. How should Duncan have known to amend his complaint when the issue in the failure to state a claim dismissal action was notice rather than whether the phrase "assault and battery" was used? He should not have. The Court is requiring more than the Rule allows. If a court is going to require amendment of the merits in a situation where its dismissal for failure to state a claim involves jurisdictional grounds, the court should so state in its order or pursuant to a petition. It is only proper to at least give Duncan the deserved 30 days to properly amend the complaint. If the trial court had dismissed the case on the issue of failure to plead, Duncan would have been given his due 30 days. Such is apparently not so when the Supreme Court dismisses on creative grounds by using trial court rules such as the Mississippi Rules of Civil Procedure.

¶30. This case was dismissed for lack of jurisdiction, which is now moot based on our subsequent rulings. Regardless, jurisdiction is not the issue. The majority has now made this a notice pleadings case. Since the trial court below did not rule on the language of the complaint, we should not be doing it here for the first time. The case should be sent back with instructions to the trial court that the appellant be allowed to amend the complaint. I dissent.

**SULLIVAN, P.J., AND BANKS, J., JOIN THIS OPINION.**

1. Under Mississippi Rule of Appellate Procedure 42(b), this Court granted Duncan's Motion to Voluntarily Dismiss Leake County School District on January 20, 1999, with prejudice.

2. Title 11, Chapter 46, Sections 1 *et seq.* is also commonly referred to as the Mississippi Sovereign Immunity Act.

3. We note that a 1997 amendment adding a new exemption may have application in future cases with similar allegations. *See* Miss. Code Ann. § 11-46-9(x) (Supp. 1998)(effective July1, 1997). However, the alleged torts occurred in February of 1996 and suit was filed on April 5, 1996, thus making the new amendment inapplicable here.