## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-00498-SCT

*GREGORY COTTON AND TAMMY COTTON*

*v.*

*BARBARA PASCHALL*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/18/1999 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT P. MYERS, JR |
| | JOE SAM OWEN |
| ATTORNEYS FOR APPELLEE: | JESSICA S. UPSHAW |
| | ROBERT E. BRIGGS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 02/08/2001 |
| MOTION FOR REHEARING FILED: | 2/20/2001; denied and Opinion modified at paragraphs 6 & 8 5/3/2001 |
| MANDATE ISSUED: | 5/10/2001 |

**EN BANC.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. Gregory and Tammy Cotton filed suit against the Pass Christian Public School District and Barbara Paschall pursuant to the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §§ 11-46-1- to -23 (Supp. 2000). Paschall was the driver of a school bus which collided with Gregory Cotton, who sustained various injuries. The Harrison County Circuit Court, Second District, dismissed the school district, finding that it was not served with process within 120 days of the filing of the Cottons' complaint. No appeal was taken from this decision of the trial court.

¶2. The trial court also dismissed Paschall, finding that she was acting in the course and scope of her employment with the school district and thus was immune from liability. The Cottons' Motion to Reconsider was denied. Aggrieved, the Cottons timely filed a notice of appeal to this Court, raising the following issues:

**I. WHETHER THE TRIAL COURT PROPERLY GRANTED THE MOTION TO DISMISS FILED BY THE DEFENDANT, BARBARA PASCHALL.**

**II. WHETHER THE TRIAL COURT PROPERLY DENIED THE MOTION FOR RECONSIDERATION OF THE COURT'S EARLIER ORDER DISMISSING THE DEFENDANT, BARBARA PASCHALL.**

**III. WHETHER A CAUSE OF ACTION EXISTS AGAINST AN EMPLOYEE OF A**

**POLITICAL SUBDIVISION FOR NEGLIGENT ACTIONS OCCURRING WITHIN THE SCOPE OF HIS/HER EMPLOYMENT, TO THE EXTENT THE EMPLOYEE IS COVERED AND WILL BE INDEMNIFIED BY AN INSURANCE POLICY MAINTAINED BY THE POLITICAL SUBDIVISION.**

¶3. Paschall's response raised the following issue:

**I. WHETHER A PLAINTIFF CAN SUE A GOVERNMENTAL EMPLOYEE IN HER INDIVIDUAL OR REPRESENTATIVE CAPACITY FOR ALLEGED ACTS OF NEGLIGENCE COMMITTED IN THE COURSE AND SCOPE OF EMPLOYMENT WITHOUT FIRST JOINING THE GOVERNMENTAL EMPLOYER.**

¶4. We agree that the trial court properly dismissed Paschall, and we affirm the trial court's judgment.

## STATEMENT OF FACTS

¶5. On September 16, 1996, a Pass Christian Public School District bus driven by Paschall collided with a vehicle driven by Gregory Cotton. A notice of claim letter was sent to Dr. Philip Terrell of the Pass Christian Public School District (school) on May 19, 1997, and the compliance with the notice of claim requirements of the MTCA is not at issue.

¶6. The Cottons retained a local law firm to handle their claim at trial. The complaint was filed on August 18, 1997 and contained the usual request for service of process on both the school district and Paschall, but there was no record that service of process was ever completed on the school district. On May 5, 1998, the school district made a special appearance and filed a Motion to Dismiss for failure to comply with Miss. R. Civ. P. 4(h) and the applicable statute of limitations. On that same day, without a hearing, the court dismissed the school district with prejudice.

¶7. The Cottons filed a motion to rescind or amend, requesting an opportunity to present the court with proof of good cause as to why service was not made within the specified time. The court granted the motion to rescind and amend but again found that the Cottons failed to serve the school district within 120 days of filing the complaint and that Rule 4(h) required dismissal of the school district, changing only one provision, to state that the dismissal was granted without prejudice. Apparently no record was made of the hearing, nor of the judge's analysis by which he determined that the Cottons had not shown good cause for failure to timely serve the school district.

¶8. Court documents indicate that Paschall was personally served with the summons and complaint on February 1, 1998, which was also past the 120 days allowed by Miss. R. Civ. P. 4(h). However, Paschall did not limit her appearance and acknowledged receipt of the complaint in her answer filed on March 2, 1998. Subsequently, Paschall filed a Motion to Dismiss, and following a hearing on the motion, the judge dismissed Paschall, finding that she was immune from liability because the school district had been dismissed and because she was an employee in the course and scope of her employment as a bus driver with the Pass Christian School District at the time the accident occurred. The court denied the Cottons' Motion for Reconsideration. Aggrieved, the Cottons dismissed their trial attorneys and hired separate counsel to pursue an appeal with this Court.

¶9. Although the Cottons' statement of the issues listed three separate issues, their argument only addressed Issue III, which we find to be dispositive. We affirm the judgment of the trial court.

## DISCUSSION

**WHETHER A CAUSE OF ACTION EXISTS AGAINST AN EMPLOYEE OF A POLITICAL SUBDIVISION FOR NEGLIGENT ACTIONS OCCURRING WITHIN THE SCOPE OF HIS/HER EMPLOYMENT, TO THE EXTENT THE EMPLOYEE IS COVERED AND WILL BE INDEMNIFIED BY AN INSURANCE POLICY MAINTAINED BY THE POLITICAL SUBDIVISION.**

### STANDARD OF REVIEW

¶10. The court's decision involves the interaction of the dismissal of both parties. "When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." ***Butler v. Board of Supervisors***, 659 So.2d 578, 581 (Miss.1995). Questions of law are reviewed de novo, and the reviewing court will reverse if the law has been applied or interpreted erroneously. ***Mississippi Transp. Comm'n v. Fires***, 693 So.2d 917, 920 (Miss.1997). The order disposing of the motion for reconsideration was a final judgment for purposes of appeal. ***Pruett v. Malone***, 767 So.2d 983 (Miss. 2000); ***Belhaven Improvement Ass'n, Inc. v. City of Jackson***, 507 So.2d 41, 45 (Miss. 1987).

¶11. The District, a governmental entity, was dismissed from the lawsuit. This decision was not appealed by the Cottons. Subsequently, Paschall was dismissed on her motion which declared that she was immune from liability under the MTCA, specifically § 11-46-7, which states that employees of governmental entities are immune from liability for acts or omissions within the course and scope of their employment. The court ruled that Paschall cannot be held personally liable and should be dismissed. The Cottons agree that an employee acting within the course and scope of her employment is immune from personal liability, but argue that a judgment may be taken against an employee and that the judgment must be satisfied by the employing governmental entity, citing Miss. Code Ann. § 11-46-15(2), as well as § 11-46-7(3) & (8) in support of their argument that a judgment may be taken against an employee, even in his representative capacity. There is record of a liability policy in existence and argument was presented to the court concerning this issue.

¶12. This Court has previously held that "[t]he purchase of insurance does not affect potential defenses under Miss.Code Ann. § 11-46-9." ***Leslie v. City of Biloxi***, 758 So.2d 430, 434 (Miss. 2000). Section 11-46-17(4) allows a sovereign to purchase insurance to cover claims in excess of the amounts set by the statute to the extent of the policy, and the provision "does not limit the exclusions or exemptions enumerated in Section 11-46-9." *Id.* The existence of insurance to cover this incident is irrelevant because the school district has been dismissed, and Paschall is immune from suit under § 11-46-9(1)(1).

¶13. The section of the MTCA that is controlling in the case sub judice is § 11-46-7(2), which provides:

(2) An employee **may** be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct

constituted fraud, malice, libel, slander, defamation or any criminal offense.

(emphasis added).

¶14. This Court has dealt with the issue and affirmed the dismissal of a suit against an individual employee acting within the scope of her employment, after the dismissal of the employing subdivision. *Duncan ex rel. Duncan v. Chamblee*, 757 So.2d 946, 951 (Miss. 1999). In *Duncan*, a student brought suit against both a teacher who allegedly injured him during corporal punishment and the school district itself. The student subsequently voluntarily dismissed his claims against the school. On appeal of the dismissal of Duncan's claims against the teacher, this Court held that Duncan's admission that Chamblee was acting within the scope of her duties at the time of the punishment was "fatal" to his claim. *Id.* at 950.

¶15. This Court has been consistent in rejecting the viability of claims against public employees where their political subdivision employer has been eliminated as a defendant.

## CONCLUSION

¶16. The school district was dismissed because it was never served with process, and the Cottons did not appeal the dismissal of the school district. Paschall individually was not liable due to immunity granted to an employee acting within the course and scope of her employment. We affirm the judgment of the Harrison County Circuit Court.

¶17. **AFFIRMED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER AND DIAZ, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶18. Gregory Cotton was injured when his automobile was struck by a school bus driven by Barbara Paschall, who allegedly ran a red light. The majority denies the Cottons their day in court solely because Gregory was unfortunate enough to have been injured by a public school bus. Because the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § § 11-46-1 to -23 (Supp. 2000), was never intended to shield negligent school bus drivers with governmental immunity, I would reverse the judgment of the circuit court and remand this case for a trial on the merits. Accordingly, I dissent.

¶19. The MTCA specifically waives the immunity defense of a government employee who, acting within the course and scope of employment, commits negligent acts for which the governmental employer may be liable, so long as the employer is adequately insured. The MTCA further requires the employer to provide a legal defense and to indemnify the employee for any judgments rendered against her.

¶20. Section 11-46-7(2) states that a government employee may be sued as a representative of her employer for negligent acts committed within the course and scope of her employment. Specifically, the statute states that she may be joined as a defendant if her employer could be held liable for the same actions. She may not, however, be held personally liable for any acts committed in the course and scope of her employment.

¶21. While the employee cannot be held personally liable, she can be held liable in her representative capacity. Section 11-46-7(3), provides indemnification by the State for such employees:

> [E]very governmental entity shall be responsible for providing a defense to its employees and for payment of any judgment in any civil action or the settlement of any claim against an employee for money damages arising out of any act or omission within the course and scope of his employment.

(emphasis added). That section further states that this obligation will only apply where the governmental entity or political subdivision possesses insurance sufficient to provide "satisfactory security." *Id*.

¶22. The Legislature clearly intended that negligent public employees acting in the course and scope of their employment may be sued as representatives of the employer. Sheltering negligent employees with governmental immunity obviates the need for a legal defense and indemnification against civil judgments or settlements. Such an interpretation would render section 11-46-7(3) meaningless, as there is no reason to defend or indemnify an immunized defendant. Furthermore, section 11-46-7(2) provides for joinder of employees in actions against governmental entities. It makes no sense to "join" an immune party.

¶23. It is a well-established rule of statutory construction that "statutes are to be interpreted so as to give effect to all the words therein, if such interpretation be reasonable and be neither repugnant to the provisions nor inconsistent with the objectives of the statute." *Koch & Dryfus v. Bridges,* 45 Miss. 247, 261 (1871).

¶24. The majority holds that "[t]he existence of insurance to cover this incident is irrelevant because the school district has been dismissed and Paschall is immune from suit under § 11-46-9 (1)." However, the circumstances under which governmental entities and their employees are granted immunity under the MTCA are enumerated in § 11-46-9. Section 11-46-9(1)(a)-(x) lists twenty-four factual circumstances in which governmental immunity applies. Because the facts at bar do not fit within the exceptions, the employee is not immune from being sued.

¶25. The existence of an insurance policy sufficient to cover this claim is therefore not irrelevant, as its existence gives the employee a right to a defense and to indemnification by her employer for "any claim . . . arising out of any act of omission within the course and scope of his employment." *Id*. § 11-46-7(3).

¶26. In ignoring these statutes, the majority enunciates a rule for which there is no doctrinal or statutory authority: that negligent public employees are protected by governmental immunity when their employer has been dismissed as a defendant for any reason. Such a rule grants to employees immunity greater than that enjoyed by their employers. For example, a governmental employer may be dismissed as a defendant for lack of timely civil process pursuant to M.R.C.P. 4(h). Under the majority's rule, a negligent employee would then be automatically released from liability even if properly served with process. Were the situation reversed and the negligent employee dismissed as a defendant, the governmental employer would have no right to be dismissed just because the employee was.

¶27. Nothing in the MTCA requires the employer to remain a party in order for the employee to be sued as a representative of her employer. The statutes mandate only that she may not be required to satisfy any civil judgment or settlement with her personal assets, and that she is entitled to indemnification by her employer, provided adequate insurance exists.

¶28. The majority cites *Duncan, ex rel. Duncan v. Chamblee*, 757 So. 2d 946, 951 (Miss. 1999), for the proposition that "Duncan's admission that Chamblee was acting within the scope of her duties at the time

of the punishment was 'fatal' to his claim." In that case, however, the Court incorrectly reached the question of employee immunity under section 11-46-7(2). Duncan's injury was the direct result of corporal punishment administered by a teacher. As such, it falls squarely within the immunity conferred on public school faculty who are involved in the administration of corporal punishment pursuant to § 11-46-9(1)(x). That section was dispositive of the issue, though we incorrectly analyzed the case under § 11-46-7(2).

¶29. A public employee is not automatically immunized upon a showing that she acted within the scope of her employment. She is merely shielded from personal liability, not immunity from a lawsuit. Section 11-46-7(2) states that she may be sued as a representative of the entity for which she works. A judgment may be taken against her, for which she is entitled to indemnification by her employer under section 11-46-7(3), so long as the employer has insurance adequate to defend and/or indemnify the claim.

¶30. That Paschall is not "personally" liable for actions taken in the scope of her employment does not mean that she is immune from suit. Immunity for Paschall's actions has not been preserved under section 11-46-9, and her employer possesses insurance adequate to cover the claim. The trial court's judgment should be reversed and this matter remanded for trial. Accordingly, I dissent.

**EASLEY, J., JOINS THIS OPINION.**