IRVING, J., for the court.
¶ 1. The Circuit Court of Madison County granted summary judgment against the dependants of George Reid, Jr. in a wrongful death suit against the City of Canton, the mayor, police chief, and each member of the board of aldermen of the City of Canton, all in their individual capacity (municipal officials). The Reid de-pendants alleged that the municipal officials were negligent in failing to protect George Reid, Jr. from murder by a released arrestee. The municipal officials filed a motion to dismiss alleging that they were under no duty to protect George from murder, that they were protected from liability by the doctrine of qualified immunity, and that there was no causal connection between their conduct and George’s death. Feeling aggrieved, the Reid dependants now appeal and allege that the trial judge erroneously granted the motion for summary judgment.[1]
¶ 2. Discerning no reversible error, this Court affirms the trial court’s dismissal of the complaint.
FACTS
¶ 3. George Reid was a security guard employed at an apartment complex in Madison County, Mississippi. While performing employment duties, George was required to subdue Marcus Reed by spraying him with either pepper spray or mace. Officers of the Canton Police Department arrived soon thereafter and took Marcus into custody.
¶ 4. At some point, Marcus, according to the Reid dependants’ complaint, “had stated he would kill George Reid, Jr.” The complaint further alleged that, despite the fact that Marcus had made such statement, the Canton Police Department released Marcus from custody. Sometime after his release, Marcus did attack and murder George.
¶ 5. In their lawsuit, the Reid depen-dants alleged violations of 42 U.S.C. §§ 1981, 1982, 1983, 1984, 1986 and 1988. They also contended that the municipal officials caused George’s death due to violations of the City of Canton’s police policies and procedures. The complaint further alleged negligence by all municipal officials. Lastly, the dependants argued violations of George’s due process, equal protection, and property rights.
¶ 6. The lawsuit was initially filed in the Circuit Court of Hinds County but was removed to the United States Federal Court for the Southern District of Mississippi. After removal to federal court, the municipal officials filed a motion to dismiss which the district court granted in part and denied in part. Specifically, the district court dismissed all of the Reid depen-dants’ federal claims with prejudice and dismissed the negligence claim against the defendants in their official capacities because the Reid dependants failed to com *166 ply with the statutory notice provision of the Mississippi Tort Claims Act. The district court then remanded the Reid depen-dants’ negligence suit against the municipal officials in their individual capacity to the Circuit Court of Hinds County. The parties then agreed to transfer venue to Madison County.
¶ 7. After remand, the municipal officials filed a motion to dismiss the negligence claims against them in their individual capacity. They alleged that the lawsuit failed to state a claim upon which relief could be granted, that they were under no duty to provide protection to George at the time of his death, that no causal connection existed between their conduct and George’s death, and that they were entitled to qualified immunity. Attached to the motion to dismiss were affidavits from the municipal officials attesting to the fact that neither of them had any knowledge of the alleged threat made by Marcus on George’s life.
¶ 8. The Reid dependants responded by arguing that the municipal officials had acted with reckless disregard for George’s safety. No affidavits, setting forth additional facts, were attached to their response, leaving the facts as alleged in their complaint. However, in a memorandum to the trial court, they argued that the municipal officials failed to hold, control, and contain Marcus when there was evidence of a clear intention of immediate harm to George. The Reid dependants did not elaborate on what this evidence was. The trial court disagreed with the Reid depen-dants’ contentions and, treating the Rule 12(b)(6) motion as a motion for summary judgment, dismissed their suit with prejudice.[2]
ANALYSIS AND DISCUSSION OF THE ISSUE
¶9. A Rule 12(b)(6) motion to dismiss raises an issue of law. Duncan ex rel. Duncan v. Chamblee, 757 So.2d 946, 948(¶ 10) (Miss.1999) (citing Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990)). An appellate court “conducts de novo review on questions of law.” Id. (citing Miss. Transp. Comm’n v. Fires, 693 So.2d 917, 920 (Miss.1997)).
¶ 10. “When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Duncan, 757 So.2d at 948(¶ 11) (citing Butler v. Bd. of Supervisors for Hinds County, 659 So.2d 578, 581 (Miss.1995)).
¶ 11. Section 11-46-9, which provides for qualified immunity, states in pertinent part that:
a governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.
Miss.Code Ann. § 11 — 46—9(l)(c) (Rev.2002) (emphasis added).
¶ 12. The Reid dependants argue that granting summary judgment was erroneous. They maintain that there were facts *167 set forth in the pleadings whereby they could have prevailed and their case should have been allowed to be heard by a trier of fact. Moreover, they contend that each of the defendants had a duty to protect George from Marcus and that they were negligent in their reckless disregard for the safety and well-being of George’s life. Ergo, they are not entitled to qualified immunity under section 11-46-9.
¶ 13. Conversely, the municipal officials assert the dismissal was proper because they did not breach any legal duty to George; thus, they did not cause his death. They also maintain that the dependants did not assert any facts on which liability could be based; therefore, there was a failure to state a claim upon which relief could be granted. They insist that the trial judge was correct to find that qualified immunity applied in the present case.
¶ 14. In resolving this matter, this Court must first analyze the applicability of qualified immunity to the facts. The purpose of the public official qualified immunity doctrine is to encourage and safeguard public officials in their ability to exercise their discretion. Boston v. Hartford Ace. & Indem. Co., 822 So.2d 239, 251(¶ 42) (Miss.2002). A public official is shielded by qualified public official immunity unless:
his breach of a legal duty causes injury and (1) that duty is ministerial in nature, or (2) that duty involves the use of discretion and the governmental actor greatly or substantially exceeds his authority and in the course thereof causes harm, or (3) the governmental actor commits an intentional tort.
McFadden v. State, 542 So.2d 871, 877 (Miss.1989). “Beyond that, a governmental official has no immunity when sued upon a tort that has nothing to do with his official position or decision-making function and has been committed outside the course and scope of his office.” Id. (citing Grantham v. Miss. Dep’t of Corr., 522 So.2d 219, 225 (Miss.1988)).
¶ 15. In our case, before either of the municipal officials may be found negligent, thereby entitling the Reid depen-dants to recover, the Reid dependants must show the existence of a legal duty owed to them by the municipal official. Gant v. Maness, 786 So.2d 401, 405(¶ 15) (Miss.2001) (citing J.C. Penney Co. v. Sumrall, 318 So.2d 829, 832 (Miss.1975)). To determine whether the qualified immunity defense is applicable, the facts of each case must be considered to determine whether there exists a breach of a legal duty that caused the injury. Sykes v. Grantham, 567 So.2d 200, 211 (Miss.1990).
¶ 16. The Reid dependants fervently insist that the municipal officials owed a legal duty to protect George from injury by Marcus. It is true that the municipal officials are charged with the responsibility of providing police protection for the citizens of the City of Canton and that this responsibility extended to the Reid depen-dants’ decedent. But the municipal officials are not guarantors of the safety of the general public. Hence, any assertion that the municipal officials breached a duty to George because they failed to guarantee his safety and well-being is unrealistic and untenable.
¶ 17. The mayor, the police chief, and the aldermen were not present when Marcus threatened the life of George; therefore, they were unaware of the threat. Presumably, those officers who took Marcus into custody heard the threat on George’s life. However, the complaint does not specify when, or to whom, the threat was made. In any event, assuming arguendo that some unidentified officer of the Canton Police Department heard the threat and that the City of Canton is charged with knowledge of the threat, it does not necessarily follow that liability *168 should attach to the City of Canton and the municipal officials.
¶ 18. For sure, police officers, in the process of making daily arrests, must hear all kinds of threats being made by arres-tees, especially while the arrestees are in the heat of the moment. The inquiry must be how serious was the threat. What evidence, if any, did the police have which would suggest that this threat was not just another garden variety threat being made by a disgruntled arrestee? Based on the information available to the police, was it unreasonable for them to assume that Marcus was simply engaging in loose talk? Even if liability should attach in this instance, it would attach to the municipal officials in their official, not individual capacity. The complaint did not allege one act undertaken, or failed to be taken, by these municipal officials in their individual capacity which would operate to create some liability for George’s death. Moreover, we cannot imagine any set of facts within the scope of the complaint which would hold the municipal officials individually liable for George’s death. To attach such individual liability to these officials would surely result in a miscarriage of justice.
¶ 19. The Reid dependants cite no authority which compels a finding that these municipal officials, in their individual capacity, owed a legal duty to George. There can be no breach of a legal duty if no duty exists. It is the Reid dependants’ duty to provide authority and support for the issues which they present. Rigby v. State, 826 So.2d 694, 707 (¶ 44) (Miss.2002) (citing Hoops v. State, 681 So.2d 521, 526 (Miss.1996)). “Issues of error which are unsupported by citation or authority are considered abandoned.” Id. (citing Thibodeaux v. State, 652 So.2d 153, 155 (Miss.1995)). “Failure to cite relevant authority obviates this Court’s obligation to review such issues.” Simmons v. State, 805 So.2d 452, 487 (¶ 90) (Miss.2001) (citing Williams v. State, 708 So.2d 1358, 1362-63 (¶ 22) (Miss.1998)).
¶ 20. In summary, we find that the municipal officials, acting in their individual capacity, owed no duty to George. We further find that the complaint failed to allege any facts which would indicate that these municipal officials, in the exercise of their governmental discretion, greatly or substantially exceeded their authority, or acted with reckless disregard for George’s safety, and in the course thereof caused harm to George. Neither do we find any course of conduct by these municipal officials which would be tantamount to intentionally causing George’s death. Consequently, we affirm the trial judge’s grant of summary judgment.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.

. The trial court's order was styled “Order Granting Summary Judgment” even though the municipal officials filed a Rule 12(b)(6) motion to dismiss.

. Rule 12(c) of the Mississippi Rules of Civil Procedure allows the trial court to treat a motion for judgment on the pleadings as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the trial court.