# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-CA-00687-SCT

*SHANTA WEBSTER*

*v.*

*UNIVERSITY OF MISSISSIPPI MEDICAL CENTER GRENADA, AIMEE R. WATTS, M.D., IN HER REPRESENTATIVE CAPACITY, AND KIMBERLEY J. FARMER, M.D., IN HER REPRESENTATIVE CAPACITY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/2023 |
| TRIAL JUDGE: | HON. ALAN D. LANCASTER |
| TRIAL COURT ATTORNEYS: | CHYNEE ALLEN BAILEY |
| | ROBERT J. DAMBRINO, III |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHYNEE ALLEN BAILEY |
| ATTORNEYS FOR APPELLEES: | ROBERT J. DAMBRINO, III |
| | WESLEY CLAYTON PINSON |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 02/27/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., CHAMBERLIN AND SULLIVAN, JJ.**

**SULLIVAN, JUSTICE, FOR THE COURT:**

¶1. Shanta Webster filed a complaint in the Grenada County Circuit Court against the University of Mississippi Medical Center-Grenada (UMMC-Grenada), and Drs. Aimee Watts and Kimberly Farmer, in their representative capacities of UMMC-Grenada. The trial court dismissed the complaint for failure to comply with the service-of-process requirements pursuant to Rule 4(d)(5) of the Mississippi Rules of Civil Procedure. Webster appeals from

the trial court's order of dismissal claiming that service of process was proper under Rule 4(d)(8) of the Mississippi Rule of Civil Procedure.

¶2. Because Rule 4(d)(5) applied, not Rule 4(d)(8), we affirm the trial court's order of dismissal.

## FACTS AND PROCEDURAL HISTORY

¶3. This appeal arises out of the alleged medical negligence in the performance of a hysterectomy by Dr. Watts on April 10, 2019, and the alleged medical negligence on the part of Dr. Farmer in the post-operative care of Webster at UMMC-Grenada.

¶4. Webster filed her complaint on August 31, 2020, and served Dr. Watts, Dr. Farmer, and Dodie McElmurry, the CEO of UMMC-Grenada. On December 17, 2020, Defendants' counsel requested an extension of time to answer the complaint. Drs. Watts and Farmer answered the complaint on January 22, 2021, claiming, *inter alia*, that they were immune from liability under the Mississippi Tort Claims Act (MTCA).

¶5. On January 25, 2021, Webster did not respond to the request for additional time but instead stated the answer filed on behalf of the doctors was not filed on behalf of the hospital. Defendants' counsel informed Webster that she had not effected proper service of process on UMMC but that once proper process was served, Defendants would answer the complaint as to UMMC.

¶6. On January 26, 2021, Webster filed a motion for extension of time for the purpose of correcting service of process on UMMC-Grenada although she noted service of process was

2

proper on the CEO of UMMC-Grenada. That same day, Defendants filed a response in opposition to the motion for extension of time.

¶7. In the response, Defendants contended that service of process must be had upon the attorney general for the state of Mississippi under Rule 4(d)(5).[1] Under Rule 4(h) of the Mississippi Rules of Civil Procedure, Webster had 120 days after the filing of her complaint within which to serve the attorney general. Defendants submitted that the 120-day period had expired on December 29, 2020.

¶8. On January 27, 2021, Webster served UMMC-Grenada by service on the attorney general.

¶9. On February 4, 2021, Webster filed an application to the clerk for entry of default against UMMC. Defendants' counsel entered an appearance on behalf of UMMC solely for the purpose of contesting in personam jurisdiction, again informing Webster that service of process had been improper. Additionally, the Grenada County Circuit Clerk contacted Webster asking if the entry of default was premature, citing issues with service of process on UMMC. Ten days later, Webster filed her motion for default judgment, to which Defendants responded, again informing Webster of the invalidity of service of process.

¶10. On March 16, 2021, Webster again requested more time to identify additional authority in support of her argument that service of process had been proper. On March 18,

---

[1]Rule 4(d)(5) provides: "Service by sheriff or process server shall be made as follows: . . . Upon the State of Mississippi or any one of its departments, officers or institutions, by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi."

2021, Defendants filed a motion to dismiss. Webster responded again that service of process had been proper.

¶11.   After a hearing in February 2023, the trial court ruled that service of process on the UMMC-Grenada CEO had been improper, so the court granted Defendants' motion to dismiss. Webster appealed.

## DISCUSSION

¶12.   A trial court's decision to grant or deny a motion to dismiss is reviewed de novo. *Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1275 (Miss. 2006). "[T]his Court leaves to the discretion of the trial court the finding of fact on the existence of good cause or excusable neglect for delay in serving process under Rule 4(h)." *Long v. Mem'l Hosp. at Gulfport*, 969 So. 2d 35, 38 (Miss. 2007). Only "[w]here such discretion is abused or is not supported by substantial evidence" will this Court reverse. *Id.*

¶13.   Webster asserts that service of process on Dodie McElmurray, the UMMC-Grenada CEO was the proper party to serve on behalf of UMMC. Webster claims that UMMC-Grenada is a community hospital or political subdivision, making service of process under Rule 4(d)(8) proper. Mississippi Rule of Civil Procedure 4(d)(8) provides:

> Service by Sheriff or process served shall be made as follows: . . . Upon any governmental entity not mentioned above, by delivering a copy of the summons and complaint to the person, officer, group or body responsible for the administration of that entity or by serving the appropriate legal officer, if any, representing the entity. Service upon any person who is a member of the "group" or "body" responsible for the administration of the entity shall be sufficient.

4

¶14. Webster supports her service-of-process argument with wording found on UMMC's information page, providing in part that "UMMC Grenada is a community hospital and part of the University of Mississippi Medical Center."

¶15. Webster further asserts that "UMMC-Grenada is a contractually created entity resulting from the lease of Grenada Lake Medical Center, a community hospital, by UMMC." Webster submits that the lease itself does not attempt to categorize or classify UMMC-Grenada; rather, the lease simply states as follows in paragraph 5.5(f): "As Tenant is a state supported educational entity, any liability will be handled under the Mississippi Tort Claims Act, M.C.A. 11-46-1 et seq., subject to the Act's limitations."

¶16. Defendants contend that UMMC-Grenada is not a separate and distinct entity from UMMC that may be held liable. UMMC is an institution of the state of Mississippi as established by and specifically listed in article 8, section 213A, of the Mississippi Constitution. As an institution of the state of Mississippi, UMMC is entitled to the protections, limitations, and immunities of the MTCA. *Bolivar Leflore Med. All., LLP. v. Williams*, 938 So. 2d 1222, 1232 (Miss. 2006).

¶17. Defendants point to Mississippi Code Section 11-46-1(j) (Rev. 2019), which says "'State' means the State of Mississippi and any office, department, agency, division, bureau, commission, board, institution, hospital, college, university, airport authority or other instrumentality thereof . . . ."

¶18. We find that Webster has failed to establish that UMMC-Grenada is not, in fact, UMMC operating a satellite hospital in Grenada, Mississippi. Indeed, the lease agreement

to which Webster refers, clearly identifies UMMC as the tenant. Specifically, the lease's introductory paragraph reads as follows:

> THIS LEASE AGREEMENT (this "Lease") is made and entered into as of the 1st day of January 2014, . . . by and among GRENADA COUNTY, MISSISSIPPI, a validly existing political subdivision of the State of Mississippi acting through its Board of Supervisors (the "County"), GRENADA LAKE MEDICAL CENTER, a community hospital owned by Grenada County, Mississippi and acting through its Board of Trustees, (the "Trustees," and together with the County, "Landlord") and UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, a department of the University of Mississippi, a body politic of the State of Mississippi ("Tenant"), as governed by the Board of Trustees of the State Institutions of Higher Learning ("IHL").

¶19. In *University of Mississippi Medical Center v. Jensen*, 334 So. 3d 78, 80 (Miss. 2022), the plaintiff filed a complaint against UMMC alleging that she tripped and fell on property maintained and controlled by UMMC. The plaintiff issued a summons to UMMC and its CEO. *Id.* The plaintiff then served her summons and complaint on an employee of UMMC, who accepted service of process on behalf of the CEO. *Id.*

¶20. The plaintiff later obtained a default judgment against UMMC, after which UMMC's general counsel informed the plaintiff that UMMC had not been properly served pursuant to Rule 4(d)(5). *Id.* The plaintiff immediately filed a motion in the county court to extend time for service of process claiming that "[p]laintiff reasonably believed that service of process was effective with respect to the defendant . . . ." *Id.*

¶21. The county court entered an order setting aside the default judgment, finding that the court was without jurisdiction over UMMC due to lack of service of process on the attorney general. *Id.* Over objection from the defendant, the county court granted the plaintiff's motion to extend time for service of process for good cause shown. *Id.* at 80-81.

6

¶22. This Court granted the defendant's petition for interlocutory appeal. *Id.* at 81. In reversing the county court's decision, this Court found that the plaintiff admittedly did not comply with Rule 4(d)(5). *Id.* Further, the plaintiff failed to establish good cause for failure to serve process in a timely manner as required by Rule 4(h). *Id.* at 83. This Court reiterated that "neither inadvertence, mistake of counsel, or ignorance of the rules suffice to establish good cause" under Rule 4(h). *Id.*

¶23. Here, unlike in *Jensen*, Webster did not confess an inadvertent mistake in the trial court as to why she did not comply with Rule 4(d)(5). Rather, she maintained throughout that UMMC-Grenada is a community hospital based on UMMC-Grenada's website and that service of process was proper on UMMC-Grenada's CEO. But Webster's own exhibits illustrate that UMMC-Grenada is in fact UMMC. As the lease agreement shows, UMMC is the facility's tenant. And as the website itself shows, "On Jan. 1, 2014, UMMC assumed operation of the 156-bed Grenada Lake Medical Center through the execution of a 20-year lease with three 10-year renewal options."

¶24. UMMC is an institution of the state of Mississippi, and as a state institution, Rule 4(d)(5) requires service of process on the attorney general. Webster was required to serve process on the attorney general within Rule 4(h)'s 120-day time period. Webster did not do so, and as a result UMMC had not been validly served. Accordingly, the trial court properly entered an order of dismissal.

¶25. Lastly, as submitted in the Webster's complaint, both individual defendants were acting within the scope of their employment as employees of UMMC. Thus, they were

personally immune from liability under the MTCA. Miss. Code Ann. § 11-46-9(1)(c) (Rev. 2019).

¶26. Mississippi Code Section 11-46-7(2) (Rev. 2019) states in part:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.

As the trial court stated in its order of dismissal, Drs. Watts and Farmer were sued in their representative capacity while acting within the scope of their duties. Because their employer, UMMC-Grenada, has been dismissed as a party, no claims can be asserted against them. *Duncan ex rel. Duncan v. Chamblee*, 757 So. 2d 946, 951 (Miss. 1999).

## CONCLUSION

¶27. The trial court's order of dismissal is affirmed.

¶28. **AFFIRMED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS AND BRANNING, JJ., CONCUR.**