# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00565-SCT

*PEARLEAN CONROD*

*v.*

*SHERIFF NED HOLDER AND DEPUTY SHERIFF STEVIE LITTLE*


| | |
|---|---|
| DATE OF JUDGMENT: | 10/4/2000 |
| TRIAL JUDGE: | HON. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BILL WALLER, SR. |
| ATTORNEYS FOR APPELLEES: | RICHARD M. DYE |
| | TOMMIE SULLIVAN CARDIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 08/15/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/19/2002 |


**BEFORE SMITH, P.J., COBB AND CARLSON, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Pearlean Conrod, acting as legal representative of the heirs-at-law of her son Tyrone Conrod, appeals to this Court from an adverse ruling of the Circuit Court of Sunflower County which granted Sheriff Ned Holder and Deputy Sheriff Stevie Little, summary judgment. Conrod petitioned for reconsideration of the trial court's grant of summary judgment, which was denied. Conrod now appeals to this Court.

¶2. Finding no error by the trial court in dismissing the case against Holder and granting summary judgment in favor of Deputy Sheriff Little, we affirm the trial court.

## FACTS

¶3. At 8:00 a..m. on July 30, 1997, the Sunflower County Sheriff's Department and members of various other narcotics task forces executed a search warrant at the residence of Tyrone Conrod in Moorhead, Sunflower County, Mississippi. The officers found Conrod inside and arrested him. Apparently, sometime prior to his arrest, Conrod ingested a large amount of cocaine.

¶4. Following his arrest Conrod was transported to a second location in Moorhead, where another individual was taken into custody. Conrod and the other man were then taken to the Sunflower County Jail in Indianola. Prior to arriving at the jail and immediately following his arrival, Conrod made repeated requests to be taken to a hospital. The sheriff's deputies instead proceeded to book Conrod, and to place him in the Persons Under the Influence cell, or "drunk tank." During the booking process, a deputy removed traces of white powder from around Conrod's mouth and preserved it for testing. When they placed him in the drunk tank, the sheriff's deputies also placed an inmate trusty in the cell with him to watch him. Conrod once again renewed his request to be taken to the hospital. After half an hour in the cell Conrod became unconscious. The trusty tried to revive him, and, failing to do so, carried him to the front of the jail. The deputies at the station called Deputy Stevie Little to the jail to transport Conrod to the hospital. Conrod died at the hospital later that day. Sheriff Holder was not at the jail at the time this incident occurred, and Deputy Little's only contact with Conrod was him transporting him from the jail to the hospital.

¶5. Pearlean Conrod, originally brought suit in the United States District Court for the Northern District of Mississippi on November 25, 1997, against Sheriff Holder, Sunflower County, and the Sunflower County Board of Supervisors, and the individual members of the Sunflower County Board of Supervisors. Stevie Little was not a defendant in the original action. The district court dismissed the federal claims brought in that suit and refused to exercise supplemental jurisdiction over the state law claims on September 9, 1999. On November 30, 1999, Conrod refiled the case in the Circuit Court of Sunflower County against Holder and Little. Holder and Little filed a notice of removal of the case to the federal courts, but Conrod stipulated that it was not seeking relief under federal law. Therefore, on the basis of Conrod's stipulation, the federal court found that no federal question presented itself and remanded the case back to the Circuit Court of Sunflower County.

¶6. On August 15, 2000, Holder and Little filed a motion to dismiss, or, alternatively, for summary judgment. After a hearing on the motion, the circuit court dismissed the claims against Little because they were time barred by the applicable statute of limitations in Miss. Code Ann. § 11-46-13(3). The trial court found Holder to be immune under the provisions of the Mississippi Tort Claims Act and dismissed the suit against him. Conrod's motion to reconsider was denied, and, on April 2, 2001, Conrod appealed the granting of the motion for summary judgment.

## STANDARD OF REVIEW

¶7. Rule 56(c) of the Mississippi Rules of Civil Procedure allows for summary judgment in cases where there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). This Court conducts a de novo review to determine if the trial court properly granted a motion for summary judgment. *Daniels v. GNB, Inc.*, 629 So.2d 595, 599 (Miss. 1993). The realm of "statutory interpretation is a matter of law which this court reviews de novo." *Wallace v. Town of Raleigh*, 815 So.2d 1203, 1206 (Miss. 2002) (*citing Donald v. Amoco Prod. Co.*, 735 So.2d 161, 165 (Miss. 1999)). In conducting a de novo review, the evidence must be viewed in a light most favorable to the nonmoving party, but, if the evidence shows that the moving party is entitled to a judgment as a matter of law, then "summary judgment should forthwith be entered in his favor." *GNB, Inc.*, 629 So.2d at 599.

## DISCUSSION

¶8. While Conrod lists seven issues for appeal in her brief, none of them address the fatal flaw in the

complaint filed in this case. The Mississippi Tort Claims Act ("MTCA") controls all suits for negligence brought against the State or any political subdivision thereof. Miss. Code Ann. § § 11-46-1 *et seq.* (Supp. 2001). The MTCA defines "political subdivision" as "any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including but not limited to any county, municipality, school district. . . ." Miss. Code Ann. §11-46-1(i). The MTCA defines an 'employee' as "any officer, employee or servant of the State of Mississippi or a political subdivision of the state, *including* elected or appointed officials and persons acting on behalf of the state or a political subdivision in any official capacity, temporarily or permanently, in the service of the state or a political subdivision whether with or without compensation." Miss. Code Ann. §11-46-1(f) (emphasis added). The MTCA states that

> the remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee; . . . any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

Miss. Code Ann. §11-46-7(1). The statute further states that "an employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but **no** employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. §11-46-7(2) (2001)(emphasis added).

¶9. This Court has recognized that "any tort claim filed against a governmental entity or its employee shall be brought only under the MTCA." *Duncan v. Chamblee*, 757 So.2d 946, 949 (Miss. 1999). In a case where a school district was eliminated because the plaintiff failed to serve the government with notice within the required 120 days, this Court noted that "this Court has been consistent in rejecting the viability of claims against public employees where their political subdivision employer has been eliminated as a defendant." *Cotton v. Paschall*, 782 So.2d 1215, 1218 (Miss. 2001). In a case interpreting Miss. Code Ann. §11-46-7, handed down this year, the Mississippi Court of Appeals noted that "the Tort Claims Act requires that a governmental entity against which a money judgment is sought must be named as a defendant." *Mallery v. Taylor*, 805 So.2d 613, 622 (Miss. Ct. App. 2002). That case further observes that "unless the action is brought solely against an employee acting outside of the scope of his employment, the government entity must be named and sued as the party in interest under the Tort Claims Act." *Id.*

¶10. The complaint in this case only named Sheriff Ned Holder and Deputy Stevie Little as defendants. The plaintiffs did not name Sunflower County as a defendant. Further, the complaint alleges, not that Sheriff Holder acted outside the course of his duties, but that he was negligent in the conduct of his duties by not having properly trained personnel. The trial court was correct in granting summary judgment in this case because Miss. Code Ann. §11-46-7(2) requires a political subdivision be sued when seeking damages for negligence. The plaintiffs in this case failed to do so; and therefore, the granting of summary judgment was correct.

¶11. Another grounds for upholding the grant of summary judgment is that Deputy Little was not named as a defendant in this case until well after the statute of limitations had run. Section 11-46-11(3) of the MTCA

maintains that "all actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based." Miss. Code Ann. §11-46-11(3).

¶12. In this case, Deputy Stevie Little was not named in the action filed in federal district court within the statute of limitations. Further, no notice of an action was given to Stevie Little until a full two years after the alleged conduct. Therefore, the action in this case was not only barred by the plaintiffs failing to meet the requirements of naming a governmental entity as a defendant; as to Stevie Little, the action was barred by the statute of limitations.

## CONCLUSION

¶13. The trial court correctly granted summary judgment in this case because the plaintiffs failed to name a governmental entity in their complaint against Sheriff Holder and Deputy Little, as required by the Mississippi Tort Claims Act. Also, any action against Deputy Little was time barred by the applicable statute of limitations under the MTCA. Therefore, the grant of summary judgment by the trial court is affirmed.

¶14. **AFFIRMED.**

**PITTMAN, C.J., McRAE, P.J., COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. WALLER, J., NOT PARTICIPATING.**