616 So.2d 333 (1993)
James M. TOWNSEND, individually, as Representative and Administrator of the Estate of Pearlie Mae Townsend, Deceased
v.
The ESTATE OF Louis S. GILBERT, III, Deceased, and Wayne S. Orr, Chancery Clerk of Coahoma County and Administrator of the Estate of Louis S. Gilbert, III, Deceased.
No. 90-CA-0899.
Supreme Court of Mississippi.
April 1, 1993.
*334 Tyree Irving, Greenwood, for appellant.
Andrew N. Alexander, III, Lake Tindall Hunger & Thackston, Greenville, for appellee.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
PITTMAN, Justice, for the Court:
This appeal is from Coahoma County Circuit Court wherein summary judgment was granted to the appellees Estate of Gilbert et al. Townsend filed a wrongful death action against the Estate of Gilbert, et al., alleging that Gilbert's negligence caused the death of Pearlie Mae Townsend. Frank P. Foster, chancery clerk in Coahoma County, was appointed administrator of the Gilbert Estate and was later succeeded by Wayne S. Orr as both chancery court clerk and administrator of the Gilbert Estate. The Estate of Gilbert and the administrator were granted summary judgment following the lower court judge's determination that Townsend's cause of action was barred by the running of the four year statute of limitations as found in Miss. Code Ann. § 15-1-25. Finding the four year statute of limitations both applicable and constitutional, this cause of action is clearly time-barred and the lower court's decision is hereby affirmed.

I.
This lawsuit resulted from a head-on automobile collision on Friars Point Road in Coahoma County. The accident occurred at 12:05 a.m. on October 4, 1981, on a relatively clear night. At the time of the accident, the two lane road was dry and level. Gilbert was traveling north on Friars Point Road in his 1976 GMC pick-up when he encountered Pearlie Mae Townsend, who was driving a 1977 Dodge van and proceeding in a southerly direction. It is not clear how the accident occurred, but a head-on collision resulted, killing both drivers.
On December 9, 1981, Townsend filed a petition for the opening of Gilbert's estate. Frank Foster, then chancery court clerk, was appointed as administrator of the estate. Following his appointment, Foster promptly purchased a surety bond on December 11, 1981, and Letters of Administration were issued to Frank Foster on December 21, 1981. On March 29, 1985, Wayne S. Orr succeeded Frank Foster as chancery court clerk and assumed the position of administrator of the Gilbert estate. Both administrators were included as defendants in the present suit. The only assets which Gilbert owned included personal property valued at less than $100 and an automobile liability insurance policy. This wrongful death action was initiated on October 2, 1987, some five years and 363 *335 days following the accident. The lower court judge granted Gilbert's motion for summary judgment, finding that the four year statute of limitations, Miss. Code Ann. § 15-1-25 (1972) barred any action against the administrators of the estate. Feeling aggrieved, Townsend now appeals on the following issues:
I. THE LOWER COURT ERRED IN HOLDING THAT MISS. CODE ANN. § 15-1-49 (1972) IS INAPPLICABLE TO THE CASE SUB JUDICE.
II. THE LOWER COURT ERRED IN HOLDING THAT MISS. CODE ANN. § 15-1-57 (1972) DID NOT TOLL THE STATUTE OF LIMITATIONS, ON THE FACTS OF THIS CASE, AND THAT SAID STATUTE IS INAPPLICABLE TO THE CASE SUB JUDICE.
III. THE LOWER COURT ERRED IN NOT DECLARING MISS. CODE ANN. § 15-1-25 (1972) UNCONSTITUTIONAL ON ITS FACE, OR IN THE ALTERNATIVE, AS APPLIED IN THIS CASE.

II.
This Court employs a de novo standard of review in reviewing a lower court's grant of a summary judgment motion. Short v. Columbus Rubber & Gasket Co., Inc., 535 So.2d 61, 63 (1988). This entails reviewing all the evidentiary matters in the record: affidavits, depositions, admissions, interrogatories, etc. The evidence must be viewed in the light most favorable to the Estate of Gilbert, et al., the non-moving parties, and they are to be given the benefit of every reasonable doubt. Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986); Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984). A motion for summary judgment lies only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). This Court does not try issues on a Rule 56 motion; it only determines whether there are issues to be tried.
Townsend argues that the lower court erred in not applying the general six year statute of limitations found in § 15-1-49 of the Miss. Code Ann.[1] Instead, the lower court found that § 15-1-25 was applicable, which states:
An action or scire facias may not be brought against any executor or administrator upon any judgment or other cause of action against his testator or intestate, except within four years after the qualification of such executor or administrator.
Miss. Code Ann. § 15-1-25 (1972). This Court has recognized that a specific statute will control over a general one. Benoit v. United Companies Mortg. of Miss., 504 So.2d 196 (Miss. 1987). In Benoit, this Court stated:
"Moreover, we have recognized as a principle of statutory construction that, in the event of apparent conflicts, statutes dealing specifically with a matter are to be preferred over those of a more general nature. In Lincoln County v. Entrican, 230 So.2d 801 (Miss. 1970) we stated
The rule is well established that where a special and particular statute deals with a special and particular subject its particular terms as to that special subject control over general statutes dealing with the subject generally.
230 So.2d at 804; McCaffrey's Food Market, Inc. v. Mississippi Milk Commission, 227 So.2d 459 (Miss. 1969).
504 So.2d at 198. Section 15-1-25 is an example of the legislature carving out a specific statute of limitations period in order to preempt the general six year limitations period. Therefore, we find that the specific statute of § 15-1-25 preempts the general statute of § 15-1-49. Section 15-1-25 specifically states that suits against administrators such as Foster and Orr must be filed within four years of the qualification of said administrator. The initial administrator of the Gilbert estate, Frank Foster, was appointed as administrator on December 9, 1981, and the Letters of Administration were granted to him on December 21, 1981. The statute of limitations begins to run from the granting of the *336 letters of administration. Rogers v. Rosenstock, 117 Miss. 144, 77 So. 958 (1918).
Townsend also argues that the statute of limitations should run from the appointment of the second administrator, Wayne Orr, on March 29, 1985. This argument has no merit. In Boyd v. Lowry, 53 Miss. 352 (1876), this Court held that the four year statute of limitations runs from the original grant of the letters of administration, regardless of whether subsequent administrators are named. See also Champion v. Cayce, 54 Miss. 695 (1877) (resignation of administrator does not toll the running of the statute of limitations.)
However, a suit cannot be filed against an executor or administrator until after 90 days following the issuance of the letters of administration. Miss. Code Ann. § 91-7-239 (Supp. 1991). Since the letters of administration were issued on December 21, 1981, the four year statute of limitations began to run 90 days later, i.e. on March 22, 1982. Therefore, § 15-1-25 required that a cause of action against an administrator or executor must have been brought before March 22, 1986. Townsend filed suit on October 2, 1987, approximately five years, 194 days after the statute of limitations began to run. This time period clearly exceeds that of § 15-1-25, and this suit is time barred.

III.
The appellants cite no authority to support their position on the second assignment of error. This Court has repeatedly held that if assignments of error are not supported by argument or authority, this Court is not required to consider them. Clark v. State, 503 So.2d 277, 280 (Miss. 1987); Hunter v. State, 489 So.2d 1086, 1090 (Miss. 1986); Kelly v. State, 463 So.2d 1070, 1072 (Miss. 1985). Townsend, however, argues that the statute of limitations should have been tolled during this time period due to the fact that another suit stemming from the same accident was on direct appeal to this Court. That case, is Smith v. Estate of Gilbert, 498 So.2d 823 (Miss. 1986). Smith was a passenger in Townsend's car the night of the accident and was also killed. In Smith, this Court reversed a directed verdict, holding that there was sufficient evidence to warrant a trial. Townsend argues that since his claim involved the same legal issue as in Smith, any attempt to raise his claim while Smith was pending would have violated the trial court's order of directed verdict in Smith, as well as possibly subjecting himself and his attorney to sanctions. In support of this argument, Townsend cites § 15-1-57, which states:
When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.
Miss. Code Ann. § 15-1-57 (1972).
This argument, however, is without merit. The appellant Townsend was neither a party to the Smith case, nor did he have any involvement with it except that both were riding in the same automobile. The order granting the directed verdict in Smith in no way prevented Townsend from filing his cause of action. In fact, the only applicable tolling provision on the four year statute of limitations is found in § 91-7-239, which prevents an administrator from being sued during the first 90 days following the issuance of the letters of administration. Therefore, the Smith case in no way tolled the running of the statute of limitations.

IV.
Townsend's final assignment is that Miss. Code Ann. § 15-1-25 is unconstitutional on its face, arguing that this section denies wrongful death beneficiaries equal protection, in comparison with tort victims who did not suffer death. Stated another way, Townsend thinks that it is unconstitutional to grant tort victims a six year statute of limitations while only granting wrongful death beneficiaries four years in which to file a claim against the estate.
*337 Once again, Townsend does not cite any supporting authority. However, in Wayne v. Tennessee Valley Authority, 730 F.2d 392 (5th Cir.1984), the Fifth Circuit was faced with a similar question involving a constitutional challenge to the application of an asbestos-related statute of limitations versus the general products liability statute of limitations. In Wayne, the plaintiffs argued that a different statute of limitations period discriminated between asbestos plaintiffs and other products liability plaintiffs. In upholding the constitutionality of the asbestos-related statute of limitations, the Fifth Circuit stated:
[Plaintiffs] thus mix together equal protection and due process claims. The argument that a distinction between asbestos-related claims and phosphate slag-related claims is not justified is clearly an equal protection claim because it turns upon the justifiability of a classification made by the state. The argument that a state may not curtail access to courts without a compelling reason for doing so is a due process claim, because it turns upon the state's power to deprive tort claimants indiscriminately, after a certain period of time, of their alleged property interest in access to the courts.
If [Plaintiffs'] due process argument were valid, every filing fee and filing deadline, as well as every statute of limitations, would have to be justified by a compelling state interest since failure to comply with them would result in a restriction on a plaintiff's access to the courts. There is no absolute right of access to the courts. All that is required is a reasonable right of access to the courts  a reasonable opportunity to be heard. When an act has an economic purpose, limitations created by it must be upheld unless they are irrational and arbitrary.
* * * * * *
Limiting the time within which actions may be brought has in numerous cases been held to be a rational, non-arbitrary means of achieving economic ends.
730 F.2d at 403-404.
Since the appellant in the present case is neither a member of a suspect or even quasi-suspect class, the rational relation test is used to determine the constitutionality of the challenged statute. Therefore this statute will be upheld unless it can be shown that the statute is not rationally related to a legitimate government interest. Since this was not shown by Townsend, § 15-1-25 is constitutional. Having a statute of limitation applicable to causes against estates that is shorter and different from the general statute of limitations is not a violation of the constitution and is in the interests of public policy. The legislature's interest in finality, particularly as to claims against estates, certainly is a legitimate governmental interest and the statute of limitations is a rational means of serving that specific interest.
Finding the four year statute of limitations both constitutional and applicable, this cause of action became time barred on March 22, 1986, before this suit was initiated. We therefore affirm the lower court's decision.
AFFIRMED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, BANKS, McRAE, ROBERTS and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] § 15-1-49 has since been amended to three years, effective July 1, 1989.