## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 95-CA-00357-SCT

*BILLY RAY AUTRY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/95 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID G. HILL |
| ATTORNEY FOR APPELLEE: | JANE LANIER MAPP |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 7/31/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/22/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**DAN LEE, CHIEF JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On July 7, 1992, Billy Autry ("Autry"), as surety, entered into a $50,000 appearance bond on behalf of Jerry D. Wilson, the principal. The appearance bond was headed "Courteous Bail Bond Service". Below the signature line on the bond were the names of Billy Autry, Anthony McKinnon, and Clay Byers ("Byers"). Autry signed the bond.

¶2. The principal appeared at the time specified and his case was continued until November 18, 1992. The principal failed to appear on that date and the circuit judge entered Judgment Nisi against the principal and Courteous Bail Bond Service and its agent, Billy Autry. On November 20, 1992, service of process of the Judgment Nisi was made upon "Clay Byers (agent)." On November 19, 1992, Scire Facias was issued against the principal and surety, directed to "Courteous Bail Bond Service and Billy Autry, Agent." On November 20, 1992, service of process of the Scire Facias was made upon "Clay Byers (agent)."

¶3. Autry did not file a motion to stay entry of final judgment. On February 16, 1993, Final Judgment of Forfeited Bond, in the amount of $50,000, was entered against Courteous Bail Bond Service. The

Final Judgment of Forfeited Bond was delivered to Courteous Bail Bond Service on February 21, "199" (sic).

¶4. Neither Autry nor Courteous Bail Bond Service paid the forfeited bond. The circuit court entered an order on May 20, 1993, directing the Mississippi State Department of Insurance to declare Autry's qualification bond forfeited and to pay $50,000 of the proceeds of the forfeited bond to Marshall County. On May 26, 1993, Autry paid $50,000 to the Marshall County Circuit Clerk. Upon Autry's motion, his bail bond license was reinstated by the circuit court.

¶5. In late 1994, the principal was captured and in February, 1995, the principal pled guilty to lesser charges and was sentenced for his crimes. Autry filed a Motion for Relief from Judgment on January 19, 1995, approximately twenty-three months after the Final Judgment of Forfeited Bond was entered on February 16, 1993. The Motion for Relief from Judgment was filed following the capture of the principal, which would ordinarily allow a bail bondsman, if timely filed, to have his forfeited bond returned to him. However, in this instance, the principal was returned after the twelve-month time limitation mandated by Miss. Code. Ann. § 83-39-7 had expired, a time frame within which a bail bondsman had to return the fugitive principal to answer for his alleged crimes. After a hearing, during which Autry argued the inequity of Miss. Code Ann. § 83-39-7, as well as insufficiency of service of process and other issues, the motion was overruled by the circuit court on February 27, 1995. Autry filed his appeal from the Judgment and Order Overruling Motion for Relief from Judgment.

¶6. Aggrieved by the circuit court's ruling, Autry raises the following issues on appeal:

**1. WHETHER A JUDGMENT FOR FORFEITURE OF BOND SHOULD BE UPHELD WHEN AUTRY WAS NOT BROUGHT INTO COURT BY PROPER SERVICE OF PROCESS AND THE COURT, THEREFORE, LACKED PERSONAL JURISDICTION OVER HIM;**

**2. WHETHER MISSISSIPPI CODE ANNOTATED § 83-39-7 IS UNCONSTITUTIONAL ON ITS FACE BECAUSE THE TWELVE MONTH LIMITATION OF ACTION CONTAINED THEREIN IS ARBITRARY, UNREASONABLE, AND DOES NOT SERVE A LEGITIMATE GOVERNMENT PURPOSE OR INTEREST;**

**3. WHETHER AUTRY WAS DENIED DUE PROCESS, UNDER THE STATE AND FEDERAL CONSTITUTIONS, WHERE THE COURT ABUSED ITS DISCRETION BY GRANTING A FINAL JUDGMENT FOR FORFEITURE BOND FOLLOWING § 83-39-7 OF THE MISSISSIPPI CODE ANNOTATED, THUS DEPRIVING AUTRY OF PROPERTY WHERE JUSTICE DID NOT REQUIRE IT.**

After a careful examination of the record and briefs in this matter, this Court affirms the lower court's overruling of Autry's Motion for Relief from Final Judgment.

## DISCUSSION OF THE LAW

**1. WHETHER A JUDGMENT FOR FORFEITURE OF BOND SHOULD BE UPHELD**

**WHEN AUTRY WAS NOT BROUGHT INTO COURT BY PROPER SERVICE OF PROCESS AND THE COURT, THEREFORE, LACKED PERSONAL JURISDICTION OVER HIM**.

¶7. Autry contends that the service of the Judgment Nisi and Scire Facias entered against him and Courteous Bail Bond Service was received not by him, but by Clay Byers (agent), also associated with Courteous Bail Bond Service; that he, Autry, was never properly served; and, consequently, that the Final Judgment of Forfeited Bond is void for lack of personal jurisdiction. The focus of Autry's argument is that the record does not reflect that Clay Byers was an authorized agent for service of process for Autry, as required by MRCP 4(d)(1), thereby making the service of process improper. As a matter of law, therefore, Autry asserts, the circuit court had no personal jurisdiction over him and the Final Judgment of Forfeited Bond is void. As Autry's brief states, "the [c]ourt has no authority to render a judgment against a person that it has no right to bring into court."

¶8. Autry's contention is unavailing. The Scire Facias was served upon Clay Byers (agent) for Autry and directed Autry to either produce the principal, forfeit and pay the $50,000 bond, or show cause why judgment should not be confirmed, this to be done by February 15, 1993. Autry neither produced the principal, paid the bond, filed a motion for stay of entry of final judgment, nor asked for a time extension. Autry had ample opportunity to make known any objection he might have had to service of process upon Clay Byers (agent), but he did not do so. He took no action when the Final Judgment of Forfeited Bond was entered. Moreover, Autry did nothing at all until the court declared that his qualification bond was forfeited and revoked his bail bondman's license. Only then did Autry come forward and pay the $50,000 owing on the forfeited bond.

¶9. Autry now asks this Court to declare the final judgment against him void for service of process upon an unauthorized agent, when, until this appeal, he has done absolutely nothing to further his own cause. Additionally, when Autry filed for relief from the final judgment, he did so eleven months after the statutory time limit dictated by Miss. Code. Ann. § 83-39-7.

¶10. Further, assuming *arguendo* that Autry is correct in his assertion that service of process was improper because Byers was not his authorized agent for that purpose, Autry ratified Clay Byers as his "agent" for service of process by his payment of the forfeited bond. "The subsequent acts of the principal may be equivalent to prior consent to the delegations of authority." 3 C.J.S. § 264 (1973). "Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." *Carter v. Hurst*, 234 So. 2d 616, 620 (Miss. 1970). *See also **Gulf Refining Co. v. Travis***, 201 Miss. 336, 29 So. 2d 100, 104-05 (1947).

¶11. Autry, by his inaction and by his payment of the forfeited bond, ratified Clay Byers as his agent, thereby waiving any alleged service of process defect and mandating that this Court affirm the lower court's overruling of Autry's Motion for Relief from Judgment. We decline Autry's invitation to provide relief from the Final Judgment of Forfeited Bond; accordingly, we find this assignment of error without merit.

**2. WHETHER MISSISSIPPI CODE ANNOTATED § 83-39-7 IS UNCONSTITUTIONAL ON ITS FACE BECAUSE THE TWELVE MONTH LIMITATION OF ACTION CONTAINED THEREIN IS ARBITRARY,**

**UNREASONABLE, AND DOES NOT SERVE A LEGITIMATE GOVERNMENT PURPOSE OR INTEREST**.

¶12. Mississippi Code Annotated § 83-39-7 reads in pertinent part:

In the event of a final judgment of forfeiture of any bail bond written under the provisions of this chapter, the amount of money so forfeited by the final judgment of the proper court, less all accrued court costs and excluding any interest charges or attorney's fees, shall be refunded to the bail bondsman or his insurance company upon proper showing to the court as to which is entitled to same, *provided the defendant in such cases is returned to the sheriff of the county to which the original bail bond was returnable within twelve (12) months of the date of such final judgment*, or proof made of incarceration of the defendant in another jurisdiction, and that "hold order" has been placed upon said defendant for return of said defendant to the sheriff upon release from the other jurisdiction, then the bond forfeiture shall be stayed and remission made upon petition to the court, in the amount found in the court's discretion to be just and proper. A bail bondsman licensed under this chapter shall have a right to apply for and obtain from the proper court an extension of time delaying a final judgment of forfeiture if such bail bondsman can satisfactorily establish to the court wherein such forfeiture is pending that the defendant named in such bail bond is lawfully in custody outside of the State of Mississippi.

Miss. Code Ann. § 83-39-7 (emphasis added).

¶13. Autry contends that Section 83-39-7 is unconstitutional because it is not rationally related to a legitimate government interest when the rational relation test is applied and, further, that the twelve-month limitation was arbitrarily set and is unreasonable. Autry claims the aforementioned statute is not rationally related to a legitimate government interest because it provides no incentive for bail bondsmen to search for the bail-jumping principal. The statute is arbitrary, Autry asserts, because the statute gives no rationale for the twelve-month time limitation and is unreasonable because the twelve-month time period is not long enough to track down and return a principal who does not want to be found.

¶14. The State argues that the twelve-month time limitation is neither arbitrary nor irrational. The State points to the time limitation as a compelling reason for the bail bondsman to actively look for the principal and hand him over to the proper authorities within a reasonable time period. As the State's brief declares, "[t]he necessity for such a limitation in bail bond cases is so that the defendant can be tried on the crime charged before witnesses become unavailable, memories fade, or evidence is lost because of the lapse of time."

¶15. The State is correct in its contention as to statutory time limitations. The chief aim of statutory time limitations is to compel the exercise of a right of action within a reasonable time frame. *Cole v. State*, 608 So. 2d 1313, 1327 (Miss. 1992). Establishing these limitations is within the domain of the legislature. *Id.* These time limitations must be upheld unless the challenger of the statute can show that the statute is not rationally related to a legitimate government interest. *Townsend v. Estate of Gilbert*, 616 So. 2d 333, 337 (Miss. 1993).

¶16. Further, the State is persuasive in its articulation of a legitimate government interest rationally related to Miss. Code Ann. § 83-39-7. This statute creates real incentive for a bail bondsman to

produce the principal at the earliest possible date -- the bail bondsman either produces the principal within twelve months or forfeits the bond. The State has a legitimate interest in bringing defendants to trial as expeditiously as possible. The public also has an obvious interest in the speedy trial of a defendant, and Miss. Code Ann. § 83-39-7 aids in that endeavor.

¶17. Beyond the correctness of the State's position, Autry's contentions are wholly unconvincing and fail to carry his burden of demonstrating that the statute is not rationally related to a legitimate governmental interest. This assignment of error is without merit.

> **3. WHETHER AUTRY WAS DENIED DUE PROCESS, UNDER THE STATE AND FEDERAL CONSTITUTIONS, WHERE THE COURT ABUSED ITS DISCRETION BY GRANTING A FINAL JUDGMENT FOR FORFEITURE BOND FOLLOWING § 83-39-7 OF THE MISSISSIPPI CODE ANNOTATED, THUS DEPRIVING AUTRY OF PROPERTY WHERE JUSTICE DID NOT REQUIRE IT.**

¶18. Finally, Autry argues that Mississippi Code Annotated § 83-39-7 is unconstitutional when applied to him because he was deprived of property without due process of law. Autry contends that Section 83-39-7 allows the State double recovery in a situation such as his -- the State gets the bail bond money and the principal. The principal, Jerry Wilson, had been apprehended in late 1994 and pled guilty and was sentenced for his crimes in February, 1995, some twenty-three months after the Final Judgment of Forfeiture, thereby not meeting the twelve-month time limit specified by Section 83-39-7. Autry further asserts that bail bonding is essentially a public service because the posting of bond evades the harsh and expensive necessity of crowding accused persons into jail while awaiting trial. At the core, Autry's argument is that the statute, when applied to him, produces a harsh result without proper due process.

¶19. Autry knew of the existence of Mississippi Code Annotated § 83-39-7 and its effect, i.e., if he did not produce the bail-jumping principal within twelve months, he would permanently forfeit the bond upon said principal failing to appear. The record shows that proper procedure was followed every step of the way with respect to Autry. Even if there was a defect in the service of process upon Clay Byers (agent), Autry, by paying the $50,000 bond forfeiture, ratified Clay Byers as his authorized agent for service of process.

¶20. The fact that the statute produces a harsh result in this instance has no real impact on our decision. As we stated in *Cole*:

> [T]he fact that a barred claim is a just one or has the sanction of a moral obligation does not exempt it from the limitation period. These statutes of repose apply with full force to all claims and *courts cannot refuse to give the statute effect merely because it seems to operate harshly in a given case*. The establishment of these time boundaries is a legislative prerogative. That body has the right to fix reasonable periods within which an action shall be brought and, within its sound discretion, determine the limitation period.

*Cole*, 608 So. 2d at 1317-18 (emphasis added).

¶21. This Court recognizes Autry's loss, but the very purpose of a time limitation in a statute is to create a settled time within which to assert a right. *Cole*, 608 So. 2d at 1327. The Fifth Circuit stated

that "[a]mple authority establishes a governmental right to [establish time limitations] even though harsh results can occur under any such arbitrary time limits." ***Wayne v. Tennessee Valley Authority***, 730 F.2d 392, 404 (5th Cir. 1984). In the instant case Autry has experienced a bitter result. That, in and of itself, does not establish any violation of his constitutional rights. This assignment of error is, therefore, without merit.

## <u>CONCLUSION</u>

¶22. Finding no merit in Autry's contentions, we affirm the judgment of the lower court.

¶23. **AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**