SMITH, Justice,
dissenting:
¶ 35. The majority holds that summary judgment was inappropriate in this case. That holding suggests that there was a genuine issue of material fact in regards to the intent of Matia McLeod to return to her parent’s home. The majority opinion is based upon two inadmissible affidavits which are clearly hearsay. Finding that there is no documentation or admissible evidence to establish that Matia intended to return to her parent’s home, and finding that all documentary evidence points to Matia’s residency in Hinds County, summary judgment was properly granted in favor of Allstate Insurance Company.
¶ 36. McLeod attempted to collect insurance proceeds under the section titled Uninsured Motorists Coverage contained in Part V of his policy. The policy states that an insured person is “you and any resident relative.” Additionally, under the definitions portion of the policy, a resident is defined as “a person who physically resides in your household with the intention of continuing residence there. Your unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in your household.”
¶ 37. All documentary evidence points in favor of Matia’s residence in Hinds County, Mississippi. For example, Matia resided in a duplex located at ilbkn Mitchell Avenue, Jackson, Mississippi, from June 5, 1994 until her death; the electric utilities were in her name for the Mitchell Avenue *814 address; Matia’s driver’s license was issued to her with the Mitchell Avenue address; Matia registered to vote in Hinds County giving the Mitchell Avenue address as her place of residence and listing her father’s address as her previous residence; Matia’s automobile title, transferred to her by her father, Robert McLeod, Jr., was issued to her at 517 Mitchell Avenue on August 9, 1994; Matia was a waitress at Shoney’s in Jackson, Mississippi; and Ma-tia was not a student at any educational institution at the time of her death. Additionally, Andrew Reeves, Director of Reeves Funeral Home, prepared the certificate of death which cited 515 Mitchell Avenue, Jackson, Mississippi, as the residence of Matia McLeod, based on the information provided to him solely by Robert McLeod, Jr.
¶ 38. The majority finds that the affidavits sworn to by Robert McLeod, Jr., Ma-tia’s father, and Walter McLeod, Matia’s brother, establish that a genuine issue of fact exists in regards to Matia’s intent to return to her parent’s home. These affidavits are not competent evidence as they are inadmissible hearsay under M.R.E. 801. Under M.R.E. 801(c) “hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”
¶ 39. As the majority correctly states, this Court employs a de novo standard of review of the trial court’s grant of a summary judgment motion. Saucier v. Biloxi Reg’l Med. Ctr., 708 So.2d 1351, 1354 (Miss.1998) (citing Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss.1993)). The evidence is viewed in the light most favorable to the non-moving party, who is to receive the benefit of every reasonable doubt. Id. The non-moving party must produce specific facts showing that there is a genuine material issue for trial. Id. (citing M.R.C.P. 56(e); Fruchter v. Lynch Oil Co., 522 So.2d 195, 199 (Miss.1988)). “The non-moving party’s claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict.” Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1214 (Miss 1996) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).
¶ 40. All of the documentary evidence points to Matia’s residence being in Jackson, Mississippi, not Collins, Mississippi. These affidavits are mere hearsay as her father and brother would not be allowed to testify to Matia’s intent at trial. On the other hand, Matia’s driver’s license, voter registration, car title, place of employment, and death certificate list the Mitchell Avenue address. Based on all of the evidence presented in the record, a fair-minded jury could not find that Matia’s residence was anywhere other than Hinds County. Summary judgment was appropriately granted in favor of Allstate Insurance Company.
¶ 41. I respectfully dissent.
PITTMAN, C.J., MILLS and COBB, JJ., join this opinion.