# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CT-00465-SCT

*THE ESTATE OF EULA MAE FEDRICK BY AND
THROUGH SUE SYKES, ADMINISTRATRIX*

*v.*

*QUORUM HEALTH RESOURCES, INC.,
NESHOBA COUNTY AND MARVIN PAGE*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2007 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | F. M. TURNER, III |
| ATTORNEYS FOR APPELLEES: | WILLIAM W. McKINLEY, JR. |
| | MARK P. CARAWAY |
| | CORY LOUIS RADICIONI |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 07/22/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     Eula Mae Fedrick died while she was a resident of the Neshoba County Nursing Home.  Ms. Fedrick's estate filed a wrongful-death action under Mississippi Code Section 11-7-13 (Rev. 2004) against Neshoba County and Quorum Health Resources, Inc., and others.  The County and Quorum successfully moved for summary judgment, arguing that

the Mississippi Tort Claims Act's (MTCA's) one-year statute of limitations had run.[1] The Court of Appeals affirmed the grant of summary judgment as to the estate's "survival" claims, but reversed the trial court's grant of summary judgment as to the estate's "wrongful death" claims in accordance with this Court's decision in *Caves v. Yarbrough*, 991 So. 2d 142 (Miss. 2008). *Estate of Fedrick v. Quorum Health Res., Inc.*, 2009 WL 4807310 (Miss. Ct. App. Dec. 15, 2009). Finding that the trial court erred in not applying the continuing-tort doctrine to the estate's claims that the defendants did not provide Ms. Fedrick proper nutrition, we reverse the judgment of the Court of Appeals, reverse the grant of summary judgment, and remand the case to the Neshoba County Circuit Court for further proceedings.

*I. The Issue on Review*

¶2.     As a preliminary matter, pursuant to Mississippi Rule of Appellate Procedure 17(h), we limit our review of this case to the narrow issue of whether the defendants' alleged failure to ensure that Ms. Fedrick received proper nutrition constituted a continuing tort sufficient to toll the statute of limitations as to the "survival" claims. We do not address whether the trial court erred in finding that Quorum was entitled to MTCA immunity.

¶3.     We also note that, in its supplemental brief following our grant of the estate's petition for writ of certiorari, the estate alleged that Quorum had waived any right to assert MTCA immunity by failing to plead this affirmative defense in its answer. Quorum responded with

---

[1]The complaint also named Marvin Page, the nursing home licensee, various John Does, and other unnamed entities. On appeal, the estate did not contest the dismissal of Page.

2

a motion to strike this portion of the estate's supplemental brief, arguing that the estate was raising this issue for the first time. In a single-justice order, this issue was passed for consideration with the merits of the appeal. Because we are limiting our review to the issue stated above, Quorum's motion to strike certain pages of the estate's supplemental brief is dismissed as moot.

## II. Continuing Tort Doctrine

¶4. Ms. Fedrick was a resident of the Neshoba County Nursing Home until her death on October 4, 1999. Her estate provided Neshoba County a notice-of-claim letter on August 17, 2000, roughly ten months after the date of her death. Neshoba County and Quorum filed a motion for summary judgment arguing that, because the estate failed to allege any acts of negligence which had occurred within one year of August 17, 2000, the statute of limitations found in Mississippi Code Section 11-46-11(3) (Rev. 2002) had run, barring the estate's claims.

¶5. The estate responded to the motion for summary judgment with a detailed affidavit from Dr. Michael Baldinger. Dr. Baldinger opined that the defendants failed to provide sufficient nutrition to Ms. Fedrick, which led to significant weight loss, malnutrition, and, ultimately, her death. Specifically, Dr. Baldinger opined that the defendants "failed to provide timely restorative therapy or assistive devices when Ms. Fedrick's ability to feed herself became compromised" and "failed to assess the sufficiency of Ms. Fedrick's dietary intake and take steps to seek additional nutrition therapy." Dr. Baldinger gave a detailed

3

analysis of deficiencies found in Ms. Fedrick's medical records, but noted that these deficiencies were not "all-inclusive."

¶6.    Dr. Baldinger's affidavit stated that Ms. Fedrick was on a "restorative feeding program" at one time, but was removed from the program some time around June 1999. Despite indications that Ms. Fedrick was not receiving proper nutrition without the benefit of that program, the defendants did not place her back on the feeding program until September 17, 1999. Dr. Baldinger opined that "[h]ad her need for additional assistance been recognized in a timely manner, months earlier than it was, it is likely that [Ms. Fedrick's] weight loss could have been prevented, thus extending her life."

¶7.    The Court of Appeals focused on the words "months earlier" and determined that any negligence on behalf of the defendants had occurred before August 17, 1999, one year before the estate provided its notice of claim. *Fedrick*, 2009 WL 4807310 at *4. In other words, the Court of Appeals held that the continuing-tort doctrine did not apply to toll the statute of limitations, isolating the alleged tortious omissions to the date the nursing home should have realized that Ms. Fedrick needed assistance feeding herself. Following this Court's directive in *Caves*, the Court of Appeals held that "while the claims Ms. Fedrick could have brought had she not died are rendered untimely by application of the one-year statute of limitations, the estate's claims for loss of society and companionship did not accrue until Ms. Fedrick died." *Fedrick*, 2009 WL 4807310 at *5.

¶8.    This Court recently discussed the continuing-tort doctrine in *Pierce v. Cook*, 992 So. 2d 612, 619 (Miss. 2008):

4

[W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease. Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong.

A "continuing tort" is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation.

*Id.* (quoting *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993)).

¶9.     Taking the facts in the light most favorable to the estate, we find that the continuing-tort doctrine should be considered in the instant case. According to Dr. Baldinger's affidavit, the nursing home was negligent by not placing Ms. Fedrick on the restorative feeding program before September 17, 1999. Ms. Fedrick needed feeding assistance throughout this entire period; therefore, a tortious omission may have occurred every day that the defendants failed to provide her this kind of assistance. These allegations fit within the definition of a continuing tort, that is, "one inflicted over a period of time . . . wrongful conduct that is repeated until desisted." *Id.*    If proven, the alleged failure to provide Ms. Fedrick proper nutrition was a negligent omission that was repeated until September 17, 1999, the date the nursing home placed Ms. Fedrick on a feeding-assistance program. Because the estate provided its notice of claim just ten months later, the one-year statute of limitations may not have run on the estate's "survival" claims. Therefore, we find that the Court of Appeals erred in refusing to apply the continuing-tort doctrine and holding that the estate's "survival" claims were barred, as a matter of law, by the MTCA's one-year statute of limitations. We

5

reverse the grant of summary judgment in favor of Neshoba County and Quorum Health and remand the case to the Neshoba County Circuit Court for further proceedings.

¶10.    **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, CHANDLER, AND PIERCE JJ., CONCUR.**