# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-FC-00486-SCT

*H. KENNETH LEFOLDT, JR., IN HIS CAPACITY AS TRUSTEE FOR THE NATCHEZ REGIONAL MEDICAL CENTER LIQUIDATION TRUST*

*v.*

*DONALD RENTFRO, CHARLES MOCK, WILLIAM HEBURN, LEROY WHITE, JOHN SERAFIN, LINDA GODLEY, LIONEL STEPTER, LEE MARTIN, WILLIAM ERNST AND JENNIFER RUSS*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/06/2017 |
| TRIAL JUDGE: | |
| TRIAL COURT ATTORNEYS: | |
| COURT FROM WHICH APPEALED: | |
| ATTORNEYS FOR APPELLANT: | BRENT B. BARRIERE |
| | ALYSSON LEIGH MILLS |
| | D. SKYLAR ROSENBLOOM |
| | REBECCA SHA |
| | DOUGLAS DRAPER |
| | LESLIE COLLINS |
| | GRETA BROUPHY |
| | JOHN THOMAS LAMAR, JR. |
| | TAYLOR ALLISON HECK |
| | JOHN THOMAS LAMAR, III |
| ATTORNEYS FOR APPELLEE: | ROY A. SMITH, JR. |
| | STEVEN JAMES GRIFFIN |
| | MICHAEL F. MYERS |
| NATURE OF THE CASE: | CIVIL - FEDERALLY CERTIFIED QUESTION |
| DISPOSITION: | CERTIFIED QUESTION ANSWERED - 12/14/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     After Natchez Regional Medical Center ("NRMC") filed for Chapter 9 bankruptcy, H. Kenneth Lefoldt, who had been appointed trustee for the NRMC Liquidation Trust, sued NRMC's former directors and officers in the United States District Court for the Southern District of Mississippi, alleging breach of fiduciary duties of care, good faith, and loyalty. The directors and officers sought dismissal under Federal Rule of Civil Procedure 12(b)(6) and argued that they were immune under the Mississippi Tort Claims Act ("MTCA" or "Act"), Mississippi Code Section 11-46-1, *et seq*. The district court agreed and granted dismissal to the directors and officers. Lefoldt appealed, and the Fifth Circuit certified the following questions to this Court:

> 1)  Does the MTCA furnish the exclusive remedy for a bankruptcy trustee standing in the shoes of a public hospital corporation against the employees or directors of that public corporation?
>
> 2)  If the answer to the foregoing question is affirmative, does the MTCA permit the trustee to pursue any of the claims identified in his complaint against the officers and directors of NRMC in their personal capacity?

*Lefoldt v. Rentfro*, No. 16-60491, *6 (5th Cir. filed April 6, 2017). Pursuant to Mississippi Rule of Appellate Procedure 20(a), we answer the first question in the negative.

## FACTS AND PROCEDURAL HISTORY

¶2.     The Fifth Circuit provided a statement of the facts, which we recite, *verbatim*, below:

> Natchez Regional Medical Center ("NRMC") is a public, not-for-profit, community hospital owned by Adams County, Mississippi. In 2014, NRMC filed bankruptcy under Chapter 9 of the Bankruptcy Code, and a Trustee (Lefoldt) was appointed for the liquidation trust and given the right to pursue all claims or causes of action on behalf of NRMC.

2

Appellant, the Trustee, sued the former directors and officers (collectively, "Officers") of NRMC, alleging that the Officers breached their fiduciary duty of care, loyalty, and good faith. The Trustee's claims against the Officers arise from the performance of their duties on behalf of NRMC. In his complaint the Trustee asserts that the defendants were grossly negligent or abdicated their responsibilities in failing to bill patients for services rendered, respond to federal audits, and properly oversee the credentialing of its doctors. Among other allegations, the Trustee contends that NRMC's Chief Financial Officer did not have the formal training or experience in regulatory matters necessary to serve as the hospital's CFO. As a result of the Officers' misfeasance, the Trustee states that the hospital lost millions of dollars in revenue.

The Trustee seeks to recover damages for the benefit of NRMC's creditors. The parties do not dispute that: (1) NRMC qualifies as a "government entity" under the MTCA, (2) the defendants qualify as "employees" of NRMC, and (3) the "acts or omissions" complained of occurred within the course and scope of the defendants' employment with NRMC.

The Officers moved to dismiss, arguing that they are immune from liability under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq*. The district court granted the motion to dismiss, determining that the plain language of the MTCA bars the Trustee's claims against the Officers. . . .

*Lefoldt*, No. 16-60491, at **2-3.

¶3.     The Fifth Circuit observed that this Court has not resolved "whether the MTCA bars a governmental entity from suing its own employees." *Id.* at *5. Accordingly, the Fifth Circuit asks this Court "to determine whether the MTCA ties the hands of the sovereign from pursuing claims against its servants." *Id*.

## DISCUSSION

**Whether the MTCA provides the exclusive remedy for a public hospital's bankruptcy trustee who, on behalf of the public hospital, sued former officers and directors of that public hospital.**

3

¶4. A careful reading of our laws reveals that a case such as presented today was not contemplated by the MTCA. The purpose of the MTCA is to protect public entities from being sued for the acts of their servants. It is perfectly clear that the Act does not refer to claims "by" the sovereign. Its application comes about only as to claims "against" the sovereign. Looking at its plain language, "claim" is defined as "any demand to recover damages *from* a governmental entity as compensation for injuries." Miss. Code Ann. § 11-46-1 (Rev. 2012) (emphasis added). "Claimant" is defined as "any *person* seeking compensation under the provisions of this chapter, whether by administrative remedy or through the courts." *Id.* (emphasis added). NRMC is a governmental entity, not seeking compensation under the provisions of the Act. The Act does not apply to actions by a governmental entity.

¶5. Furthermore, Section 11-46-11 provides for a one-year statute of limitations for all claims brought under the Act. However, the State or any subdivision is not subject to any civil statute of limitations. *See* Miss. Const. art. 4, § 104.[1] A statute of limitations, which extinguishes a claim, is totally inconsistent with the Constitutional provision prohibiting the extinguishment of any civil claim by the State. Reading the Act and the Constitution

---

[1] **Section 104. Statutes of limitation not to run against State and political subdivisions**

Statutes of limitation in civil causes shall not run against the State, or any subdivision or municipal corporation thereof.

Miss. Const. art. 4, § 104.

4

harmoniously together makes it quite evident that the State is not constrained from pursuing a civil action.

## CONCLUSION

¶6.     A plain reading of the Constitution and the statute lead us to the inescapable conclusion that a suit such as this was not contemplated by the Act. The MTCA does not bind the hands of the sovereign from pursuing any civil claim.

¶7.     **CERTIFIED QUESTION ANSWERED.**

**WALLER, C.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**KITCHENS, PRESIDING JUSTICE, DISSENTING:**

¶8.     I respectfully dissent because I would answer the questions certified by the United States Court of Appeals for the Fifth Circuit in the following manner: 1) yes, the Mississippi Tort Claims Act (MTCA), Mississippi Code Section 11-46-1, *et seq.*, provides the exclusive remedy for a public hospital's bankruptcy trustee who, on behalf of the public hospital, sued former officers and directors of that public hospital; 2) no, the MTCA does not permit the trustee to pursue claims of breach of fiduciary duty or gross negligence against the former directors and officers of NRMC in their personal capacities.

> **1.     Whether the MTCA provides the exclusive remedy for a public hospital's bankruptcy trustee who, on behalf of the public hospital, sued former officers and directors of that public hospital.**

¶9.     The MTCA provides the following: "[t]he remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil

5

proceeding by reason of the same subject matter against the governmental entity or its employee . . . for the act or omission which gave rise to the claim or suit . . . ." Miss. Code Ann. § 11-46-7(1) (Rev. 2012). Mississippi Code Section 11-46-7(2) provides:

> [N]o employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.

Miss. Code Ann. § 11-46-7(2) (Rev. 2012).

¶10.    Lefoldt first submits that the plain language of the MTCA forecloses its applying in an action by a public entity against its employee. He refers to Mississippi Code Section 11-46-3(1), which states that:

> The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact and reenact that the "state" and its "political subdivisions," . . . are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious act or omission . . . including but not limited to libel, slander or defamation, by the state or its political subdivisions, or any such act, omission or breach by any employee of the state or its political subdivisions . . . .

Miss. Code Ann. § 11-46-3(1) (Rev. 2012). Lefoldt takes the position that "[n]othing in Section 11-46-3(1) supports . . . that the Mississippi Legislature intended to recognize sovereign immunity for employees for all claims against them, including claims brought by the sovereign."

6

¶11. Lefoldt argues that "[t]he express references to 'person' in the MTCA's definitions for 'claim,'[2] 'claimant,'[3] and 'injury'[4] evince[] the Mississippi Legislature's clear intent that the MTCA apply only in actions by a person—not in actions by a public entity." Such argument is supported, according to Lefoldt, by the legislature's omission of the word "person" from the definitions of "[g]overnmental entity," which "includes the state and political subdivisions;" "[p]olitical subdivision," which includes a "community hospital;" and "[s]tate," which includes "the State of Mississippi and any office, department, agency, division, bureau, commission, board, institution, hospital, college, university, airport authority or other instrumentality thereof . . . ." (quoting Miss. Code Ann. §§ 11-46-1(g), (i), (j) (Rev. 2012)). The majority adopts Lefoldt's reading of the statute: "[t]he purpose of the MTCA is to protect public entities from being sued for the acts of their servants. It is perfectly clear that the Act does not refer to claims 'by' the sovereign." Maj. Op. ¶ 4.

¶12. Lefoldt continues that various aspects of the MTCA would be rendered nonsensical were it to apply. He references Section 11-46-11(1), which states that "any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with

[2] "Claim" is defined as "any demand to recover damages from a governmental entity as compensation for injuries." Miss. Code Ann. § 11-46-1(a) (Rev. 2012).

[3] "Claimant" is defined as "any person seeking compensation under the provisions of this chapter . . . ." Miss. Code Ann. § 11-46-1(b) (Rev. 2012).

[4] "Injury" is defined as "death, injury to a person, damage to or loss of property or any other injury that a person may suffer that is actionable at law or in equity." Miss. Code Ann. § 11-46-1(h) (Rev. 2012).

the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1) (Rev. 2012). He argues that requiring the trustee to provide notice of the claim against himself and then requiring the trustee to wait ninety days before filing suit against himself would be nonsensical. Lefoldt also argues that the one-year statute of limitations of Section 11-46-11(3)(a) would not apply because Article 4, Section 104, of the Mississippi Constitution and Mississippi Code Section 15-1-51 (Rev. 2012) prohibit the running of statutes of limitation in civil cases against the State.[5] The majority agrees: "[a] statute of limitations, which extinguishes a claim, is totally inconsistent with the Constitutional provision prohibiting the extinguishment of any civil claim by the State." Maj. Op. ¶ 5.

¶13.    But Mississippi Code Section 41-13-11(5) provides that:

> . . . *any* community hospital, owner, or board of trustees shall be subject to and shall be governed by the provisions of Section 11-46-1 *et seq*., Mississippi Code of 1972, for *any* cause of action which accrues from and after October 1, 1993, on account of *any* wrongful or tortious act or omission of *any* such governmental entity, as defined in Section 11-46-1, Mississippi Code of 1972, or its employees relating to or in connection with *any* activity or operation of *any* community hospital.

Miss. Code Ann. § 41-13-11(5) (Rev. 2013) (emphasis added). In a case in which the State had brought a civil action against generic pharmaceutical provider, Sandoz, Inc., and prevailed, this Court rejected the State's argument that the statutory punitive-damages cap did not apply to it "due to its sovereignty." **Sandoz, Inc. v. State**, 190 So. 3d 829, 833, 843 (Miss. 2015). The applicable statute, Mississippi Code Section 11-1-65(3)(a), in pertinent

---

[5] "Statutes of limitation in civil causes shall not run against the State . . . ." Miss. Const. art. 4, § 104. "Statutes of limitation in civil cases shall not run against the state . . . ." Miss. Code Ann. § 15-1-51 (Rev. 2012).

part, limited punitive damages "[i]n *any civil action* where an entitlement to punitive damages shall have been established under applicable laws . . . ." ***Id.*** at 844 (emphasis in original). This Court held that the statute's application to "any civil action" was unambiguous: "'[T]he word "any" has an expansive meaning, that is, "one or some indiscriminately of whatever kind."'" ***Id.*** (quoting ***United States v. Gonzales***, 520 U.S. 1, 5, 117 S. Ct. 1032, 137 L. Ed. 2d 132 (1997)). The same is true here. Section 41-13-11(5) provides that *any* cause of action for *any* wrongful or tortious act or omission of *any* community hospital or its employees relating to or in connection with *any* activity or operation of *any* community hospital is subject to the MTCA, irrespective of the identity of the claimant. The MTCA applies to Lefoldt's claim because Section 41-13-11(5) says it does.

¶14.    Moreover, "'[s]tatutes *in pari materia*, although apparently conflicting should, if possible, be construed in harmony with each other to give effect to each.'" ***Roberts v. Miss. Republican Party State Exec. Comm.***, 465 So. 2d 1050, 1052 (Miss. 1985) (quoting ***Lamar County Sch. Bd. v. Saul***, 359 So. 2d 350, 353 (Miss. 1978) (citing ***Greaves v. Hinds Cty.***, 166 Miss. 89, 145 So. 900 (1933))). To the extent the majority's interpretation of the MTCA does not harmonize with Section 41-13-11(5), "[t]he rule is well established that where a special and particular statute deals with a special and particular subject its particular terms as to that special subject control over general statutes dealing with the subject generally." ***Lenoir v. Madison Cty.***, 641 So. 2d 1124, 1129 (Miss. 1994) (quoting ***Townsend v. Estate of Gilbert,*** 616 So. 2d 333, 335 (Miss. 1993)). The majority references the language of the MTCA in support of its dismissal of the argument that it provides the exclusive remedy to

9

a public hospital's bankruptcy trustee who, on behalf of the public hospital, sued former officers and directors of that public hospital. But to the extent that terms of the general MTCA and those of Section 41-13-11(5), which specially and particularly applies the MTCA to any cause of action against any community hospital or its employees, conflict, Section 41-13-11(5) controls.

¶15. It is true, as Lefoldt argues, that the California Court of Appeals for the Second District, Division 3, held that the California Tort Claims Act would be turned "on its head" by the suggestion "that the City is required to file a claim *with itself* before bringing suit against its employees," and that, "[a]s the action here was brought on behalf of the City, compliance with the Tort Claims Act was not required." ***People ex rel. Harris v. Rizzo***, 214 Cal. App. 4th 921, 939 (2013) (emphasis in original).

¶16. But in California, "a public employee is liable for injury caused by his act or omission to the same extent as a private person." Cal. Gov't Code § 820(a). In ***Rizzo***, the California attorney general sued various city officials, including the chief administrator, the deputy chief administrator, the police chief, and members of the city council, after it became known that those officials "were receiving salaries well in excess of the amounts paid similar individuals in similarly-sized cities, and that these . . . individuals went to great lengths to conceal their salaries from public knowledge." ***Rizzo***, 214 Cal. App. 4th at 928. The defendants argued, in part, that the attorney general was required to comply with the requirements of the California Tort Claims Act, including the requirement that "all claims for money or damages

10

against local entities shall first be presented to the governmental entity." *Id.* at 938-39 (citing Cal. Gov't Code § 905).

¶17. It was in the context of the argument that the act had not been complied with that the court found that requiring compliance with the tort claims act would "turn [it] on its head" in a case in which the city was "bringing suit against its employees for acting *outside* the scope of their employment." *Rizzo*, 214 Cal. App. 4th at 939 (emphasis in original). The court held that "compliance with the Tort Claims Act was not required" because "the plaintiff is the employing public entity itself" and "the Attorney General brought the instant action *on behalf of the City*." *Id.* at 939 (emphasis in original). The California court's analysis answers Lefoldt's concern that the other provisions of the Mississippi Tort Claims Act would be rendered "nonsensical."

¶18. Moreover, in *Rizzo*, the California attorney general alleged that the officials had been "looting the city's coffers for their own benefit" and that the city's employees were acting outside the scope of their employment. *Id.* The court held that, while no liability existed where a decision was made in the discretion of the public official, if the decision "was made *outside* the authority of the officials—either as an ordinance outside the city council's authority under the charter, or a contract made by someone without the authority to bind the city to it . . . the city officials who purported to authorize the unauthorized expenditure may . . . be liable in restitution . . . ." *Id.* at 943 (emphasis in original). The court held that immunity did not apply to "prevent the action from proceeding with respect to defendants' allegedly ultra vires acts." *Id.* at 929. Here, Lefoldt has not alleged that the directors and

officers were acting outside the course and scope of their duties, nor does he allege that the directors and officers engaged in *ultra vires* acts. On the contrary, Lefoldt "does not dispute that the relevant acts or omissions occurred within the course and scope of the [directors' and officers'] employment." *Lefoldt*, No. 16-60491, at *3. Lefoldt instead "insists that the [directors and officers] were grossly negligent in the execution of, or failed to perform, their duties." *Id.*

¶19.    Lefoldt cites *Natchez Regional Medical Center v. Quorum Health Resources*, 2010 WL 3324955 (S.D. Miss. Aug. 20, 2010), in further support of his argument that the plain language of the MTCA impels a conclusion that it does not shield employees of a public entity from an action against them by the public entity. In *Quorum*, the question before the United States District Court for the Southern District of Mississippi was whether the protections of the MTCA applied to bar the NRMC's claims against Quorum, a third-party private corporation and its employees, which had been engaged "to provide hospital management services" for NRMC. *Quorum*, 2010 WL 3324955, **3, 1.

¶20.    The court analogized the case to another in which a patron of the public bus system in Jackson, Mississippi, JATRAN, sued the management company with which JATRAN had contracted to run its day-to-day operations. *Id.* at *4 (citing *Thompson v. McDonald Transit Assocs., Inc.*, 440 F. Supp. 2d 530 (S.D. Miss. 2006)). The court in *Thompson* held that the management company was not entitled to the protections of the MTCA because the "'operation and ownership of JATRAN is likely not McDonald's lone purpose for existence.'" *Id.* (quoting *id.* at 533). The "'capitalistic nature' of McDonald's business was

the 'overriding consideration' for finding that it was not entitled to the protections of the MTCA." *Id.* (quoting *id.*).

¶21.    The court held that Quorum, like McDonald in ***Thompson***, was not entitled to the protections of the MTCA. ***Quorum***, 2010 WL 3324955, *4. The court distinguished a case in which a plaintiff sued Quorum and the Neshoba County Nursing Home (NCNH) for wrongful death and the Mississippi Court of Appeals held that Quorum, as "an 'instrumentality' of a community hospital . . . '[was] entitled to the protections, limitations[,] and immunities of the MTCA.'" *Id.* (quoting ***Sykes v. Quorum Health Res., Inc.***, 45 So. 3d 667 (Miss. Ct. App. 2009), *rev'd on other grounds*, 45 So. 3d 641 (Miss. 2010)). The district court in ***Quorum*** held that "the findings of the ***Sykes*** court that [Quorum] was an instrumentality of the state is not applicable to the instant case because, here, [Quorum] is being sued by a community hospital and not by a private individual." ***Quorum***, 2010 WL 3324955, *4.

¶22.    Lefoldt argues that the district court "held the MTCA did not prevent NRMC from suing its own employees." But ***Quorum*** involved NRMC's suit against a third-party private corporation and its employees, with which NRMC had contracted to provide management services for the hospital. It did not, as here, involve the hospital's bankruptcy trustee's suit against former hospital employees.

¶23.    Lefoldt advocates that "[t]he FTCA's legislative history indicates that that statute only applies to claims by a private individual against a public entity." But this Court has determined that "the Mississippi Tort Claims Act contains a requirement not present in the

13

Federal Tort Claims Act: that the immunity attaches to a 'governmental entity and its employees *acting within the course and scope of their employment or duties . . . .*" ***Brantley v. City of Horn Lake***, 152 So. 3d 1106, 1112 (Miss. 2014) (quoting Miss. Code Ann. § 11-46-9(1)(d) (Rev. 2012)) (emphasis in ***Brantley***).

¶24.    According to Lefoldt, the limitation on a Mississippi governmental entity's entitlement to contribution or indemnification or reimbursement for legal fees and expenses from its employee unless "a court shall find that the act or omission of the employee was outside the course and scope of his employment," makes no sense in this context, because, were NRMC to prevail, NRMC would have to pay the judgment itself. Miss. Code Ann. § 11-46-7(5) (Rev. 2012). But Section 11-46-7(5) states that "[a] governmental entity *shall not* be entitled to contribution or indemnification, or reimbursement for legal fees and expenses from its employee *unless* a court shall find that the act or omission of the employee was *outside the course and scope of his employment*." Miss. Code Ann. § 11-46-7(5) (emphasis added). Here, Lefoldt has conceded that the directors and officers at all times acted *within* the course and scope of their employment.

¶25.    Because the legislature unequivocally provided in Section 41-13-11(5) that community hospitals and their employees are subject to and governed by the MTCA, Section 11-46-1, *et seq.*, I would answer the Fifth Circuit's inquiry in the affirmative. The MTCA provides the exclusive remedy for a public hospital's bankruptcy trustee who, on behalf of the public hospital, sued former officers and directors of that public hospital.

**2. Whether, if the MTCA does provide the exclusive remedy, the bankruptcy trustee can maintain his claims against the directors and officers in their personal capacities.**

¶26.    Under the MTCA, an employee can be held personally liable only if his or her act was outside "the course and scope of [his or her] duties." Miss. Code Ann. § 11-46-7(2) ("[N]o employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties."). And a governmental entity is not liable and "an employee shall not be considered as acting within the course and scope of his employment . . . if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." *Id.*

¶27.    Lefoldt claims that NRMC's former directors and officers breached fiduciary duties they owed to NRMC. This Court has held that "[a] claim of breach of fiduciary duty is 'appropriately recognized as an action in tort . . . .'" *Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1180 (Miss. 2004) (quoting *Tyson v. Moore*, 613 So. 2d 817, 823 (Miss. 1992)). But, according to Section 11-46-7(2), unless the breach of fiduciary duty claim alleged "fraud, malice, libel, slander, defamation or any criminal offense," MTCA immunity shields employees from personal liability. Lefoldt does not allege that NRMC's former directors and officers committed fraud, malice, slander, defamation, or any criminal offense, and he concedes in this Court, as he conceded in the district court and in the Fifth Circuit, that NRMC's former directors and officers acted within the course and scope of their duties.

¶28.    In addition to an allegation of breach of fiduciary duty, Lefoldt alleged gross negligence. This Court decided a case in which a teacher administered corporal punishment

15

to a student and the student's mother sued but alleged only gross negligence in her complaint. ***Duncan v. Chamblee***, 757 So. 2d 946, 947, 949 (Miss. 1999). This Court observed that while "assault and battery are intentional torts for which no defendant can claim immunity," the mother's claim failed because, by the mother's "own allegations, [the teacher] was acting within the course and scope of her employment with the School when the alleged torts occurred." ***Id.*** at 949-50. According to the Court, the mother's complaint had failed to state a claim because it did "not allege that [the teacher's] conduct constituted 'fraud, malice, libel, slander, defamation, or any other criminal offense' within the meaning of § 11–46–7(2)." ***Id.*** at 950.

¶29.    Lefoldt's complaint does not contain allegations of "fraud, malice, libel, slander, defamation or any criminal offense." Under the MTCA, therefore, the former directors and officers of NRMC are shielded from personal liability for conduct which occurred within the course and scope of their duties.